# Wright *against* Weakly.

Evidence is not admissible to explain a patent ambiguity in the discrepance between the general obligatory terms in the body of a writing, and the qualified terms of the act of execution.

The form of execution governs the construction of a written obligation, in relation to the question, Upon whom is it obligatory ?

ERROR to *Cumberland* county.

This was an action of debt by Samuel B. Wright, administrator of Moses Leas deceased, against William Weakly, upon this note :

" Six days after date we, or either of us, promise to pay Samuel B. Wright, administrator of Moses Leas deceased, the sum of 95 dollars, without defalcation, value received. Witness our hands and seals this 23d of October 1827.

"For ISRAEL DOWNING,  [L. S.],
"WILLIAM WEAKLY,  [L. S.].

" Witness, John Wright."

On the trial of the cause, the plaintiff called the subscribing witness, and offered to prove by him, that William Weakly signed, sealed, executed and delivered the note as his own act and deed.

This evidence was objected to by the defendant and rejected ; and by the direction of the court (Reed, president), the jury found a verdict for the defendant.

*Carothers*, for plaintiff in error, cited, 5 *Mass.* 11—52 ; Bellas *v.* Hays, 5 *Serg. & Rawle* 427 ; Frederick *v.* Campbell, 14 *Serg. & Rawle* 293 ; Rathbon *v.* Budlong, 15 *Johns. Rep.* 1 ; 16 *Serg. & Rawle* 422.

*Alexander*, contra, cited, 2 *East* 144 ; *Paley on Agen.* 153 ; 2 *Kent's Com.* 492 ; Hopkins *v.* Mehaffy, 11 *Serg. & Rawle* 12 ; 11 *Mass.* 97.

PER CURIAM.—If the parol evidence was offered to explain the patent ambiguity in the discrepance between the general obligatory

II.—M

[Wright v. Weakly.]

terms in the body of the writing, and the qualified terms of the act of execution, it was clearly inadmissible. But the form of execution being the matter which governs the construction in cases of this sort, as has just been intimated, in Campbell *v.* Baker, (*ante* p. 83), and the defendant having signed the names at the foot of the writing, in the relation of principal and surety, it is certain that the former alone would be bound, independently of extrinsic circumstances. Would parol evidence be competent to contradict the legal effect of the deed? Not in the absence of accident, fraud or mistake; nothing of which was pretended here; and the evidence was properly rejected.

Judgment affirmed.