## CLARK *v.* SIDWAY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 140. Argued January 7, 1892. — Decided January 26, 1892.

Persons who jointly purchase land to hold it for a rise in value are not partners but are tenants in common, and either party can sue the other at law for reimbursement of allowances made by him on the joint account, without there having first been a final settlement and the striking of a balance.

In considering the amount necessary for the jurisdicton of this court on a writ of error, not only is the amount of the judgment against the plaintiff in error to be regarded, but, in addition, the amount of a counter claim which he would have recovered, if his contention setting it up had been sustained.

It was held that the plaintiff in error had no right to complain of the action of the court below in allowing a remittitur of $2700.75 on a verdict of $6700.75; or in allowing the jury to fill up, in open court, the amount of a verdict which they had signed and sealed, leaving a blank for the amount.

THE court stated the case as follows:

This is an action at law, brought October 13, 1880, by Leverett B. Sidway, a citizen of Illinois, for the use of John R. Lindgren, against Ezekiel Clark, a citizen of Iowa, in the Circuit Court of the United States for the Northern District of Illinois. The declaration claimed $8000. It alleged that on the 12th of August, 1872, one Cleaver and his wife, by a warranty deed, conveyed to the plaintiff certain land in Cook County, Illinois, subject to a trust deed executed by Cleaver and wife to one Gallup, to secure the payment of $8000 in five years from date, with interest at ten per cent per annum, in which warranty deed it was stated that Sidway assumed and

agreed to pay said debt to Gallup and to hold Cleaver harmless therefrom ; that the deed with such recital and agreement was accepted by Sidway ; that on the 23d of November, 1875, Sidway and his wife conveyed to Clark an undivided one-half interest in the land, subject, as recited in the deed, to the trust deed to Gallup ; that in the deed to Clark the latter undertook and promised, as part of its consideration, that he would, and that he did, in and by the deed, assume and agree to pay one-half of the note for $8000, with interest thereon from August 12, 1872, and would save Sidway harmless therefrom, as well as from one-half of any further liability Sidway might be under, through the provisions contained in said trust deed; that Clark took and received the deed; that on the 3d of July, 1875, the note for $8000, with interest, became due and payable; that on the 12th of October, 1880, Clark neglected to pay the one-half of the note with interest, or any part of it, and did not save Sidway or keep him harmless from the payment of the note or interest; and that, by means thereof, Clark promised to pay to Sidway, when requested, the one-half of the note, to wit, $4000, and interest thereon from August 12, 1872. There was also a count containing the common counts for $8000. alleging an indebtedness on October 12, 1880.

Clark put in a special demurrer to the first count, setting forth several grounds of demurrer, and pleaded the general issue to the common counts and a statute of limitations of five years. Afterwards, he pleaded the general issue to the first count, also a want of consideration, and the fact that the deed to him from Sidway was intended by the parties as a security to Clark for $4000 due from Sidway to him, and that Clark did not purchase the premises in question otherwise than for the purpose of holding the deed by way of mortgage and security for such indebtedness. He further pleaded, as to both counts, a set-off and a counter-claim for moneys due from Sidway to him, to his damage $10,000.

Issue was joined by replications to these pleas and by a rejoinder to the replications.

The case was tried by a jury in November, 1885, but it failed

to agree. The case was again tried by a jury, in March, 1888, and a verdict was rendered finding the issue for the plaintiff, and assessing his damages at $6700.75. A motion was made for a new trial, and in May, 1888, a judgment was entered which stated that, the court intimating an opinion on such motion, the plaintiff, by leave of the court, entered a remittitur of $2700.75 on the verdict, and that the court thereupon overruled the motion for a new trial and awarded judgment for $4000 damages. A judgment was entered for the plaintiff for $4000, being the amount of the verdict less the remittitur and for costs. To review this judgment, which is entitled as in favor of Sidway for the use of John R. Lindgren, the defendant has brought a writ of error.

There is a bill of exceptions. It appears therefrom that Sidway contended that he and Clark purchased the land in question on joint account, in equal shares, for resale at a profit, upon an agreement to contribute equally to the purchase-money, interest and taxes; and that Clark maintained the contrary.

Clark prayed the court to charge the jury that, if they believed from the evidence that Sidway and Clark purchased the land in question on joint account, in equal shares, for resale at a profit, upon an agreement to contribute equally to the purchase-money and the taxes and interest, such understanding would constitute the parties copartners in such land speculation, and, in the absence of a final settlement and the striking of a balance, neither party could be sued at law by the other for reimbursement of advances made by him upon the joint account. The court refused so to charge, and Clark excepted to such refusal.

Clark also prayed the court to charge the jury that, if they found from the evidence that the Cleaver note of $8000, mentioned in the assumption clause of the deed of November 23, 1875, was held, at the time of the commencement of the suit, by the Illinois Trust and Savings Bank, and was not taken up or purchased by Sidway until some time in 1883, after the commencement of the suit, up to which time said bank was its holder for value, as collateral security to the demand note

of Sidway, of which it was also holder for value, such subsequent payment or purchase of the note would confer upon Sidway no cause of action in this suit to recover the amount so paid. The court refused so to charge, and Clark excepted to such refusal.

The court charged the jury that there was nothing in the point that the parties were partners in the transaction as to the land; and that, if they were joint purchasers of the land for the purpose of holding it for a rise in value, they were not partners, but were tenants in common, having an equal undivided interest, if their interest was equal. The court also charged the jury that, although Sidway had paid off the Cleaver note of $8000 while it was held by the Illinois Trust and Savings Bank, by giving his own note to that bank therefor, the bank taking his note as an investment, the court saw nothing that would prevent Sidway from recovering, and added: " In short, I see nothing in the case anywhere to prevent the plaintiff from recovering what he claims here — about $6700 and some cents — provided the jury find the main issue in the case in favor of the plaintiff — that is, that Mr. Clark assented to become with the plaintiff a joint purchaser, or purchaser on joint account, of the property in question. . . . If at any time you find that the understanding between the parties was that the defendant was to become an equal purchaser with the plaintiff, having an equal right in this property, and if he did so become an equal purchaser at any time in this property and liable to pay one-half of the purchase price, I see nothing in the case to prevent the plaintiff from recovering from the defendant that portion of the purchase-money which the defendant was under obligation to pay, and which he did not pay, and which the plaintiff was under obligation to pay, and did pay on the defendant's account." Clark excepted severally to the portions of the charge above indicated.

In addition to the above specific exceptions, it is stated in the bill of exceptions, after setting forth at length the charge, which covers six printed pages of the record, that Clark " excepted to the said charge as given to the jury."

The jury were directed by the court, by consent of parties, to sign and seal their verdict, if they found one, and to separate, if they saw fit, and return such verdict at the opening of court upon the following day. On the following day, at the opening of court, the jury returned into court, after having separated during the previous night, and rendered a verdict in the following form, dated the day before, and signed by the twelve jurors: "We, the jury, find for the plaintiff and assess the damage at six thousand seven hundred dollars and seventy-five cents," save that no amount was mentioned as the amount of damages found, but a blank was left therefor. Thereupon the court told the jury that they should have inserted the amount of damages in the verdict, and that they could retire and find the amount. The foreman of the jury then stated, in the presence and with the concurrence of the other jurors, that the jury had agreed upon the amount, which was the sum testified to by the plaintiff, about six thousand and seven hundred dollars, but that none of the jurors were able to remember the precise figures, and for that reason they had decided to defer inserting the amount until they should come into court; and they requested the court to give them the amount, as testified to by the plaintiff, from the court's minutes, and they would insert it in their verdict. Thereupon, the court, from its minutes, gave the jury the amount as testified to by the plaintiff as being the balance due him, and the foreman of the jury, in open court and without retiring, inserted such amount in the verdict, with the consent and concurrence of each and all the jurors. The court inquired of the jury if the verdict so filled up was the verdict of the jury one and all, and each and all of the jury answered that it was their verdict, and it was received and ordered to be recorded, and the jury was discharged. The bill of exceptions then goes on to say: "No exception was taken at the time to the jury filling out the blank in the manner they did, or to the receipt of the verdict. The recollection of the judge who tried the cause is, that the counsel for the defendant were not in court when the jury gave their verdict, but that afterwards, on the same day, they came into court, made a motion for a

new trial, and among other things took exception to the manner, as above stated, in which the blank for damages was filled and the verdict received, which exceptions were allowed by the court."

On the next day, the defendant filed a written motion for a new trial, one ground of which was the action of the court in aiding the memory of the jury in regard to the testimony, in order that the blank for the plaintiff's damages might be filled. The bill of exceptions states that, after argument upon the motion, on both sides, the court announced its intention of overruling the motion, provided the plaintiff would remit all damages mentioned in the verdict, in excess of $4000; that such remittitur was made; and that the defendant excepted to the action of the court.

*Mr. C. C. Nourse* (with whom was *Mr. George L. Paddock* on the brief) for plaintiff in error.

Upon plaintiff's theory of the case, and upon his evidence all the elements of a partnership were involved in the transaction. It was a trading venture in the which each party was to furnish half the capital, each was to have an equal share in the profits, and each to share equally in the losses. Sidway's letter of October 15, 1872, contemplates a mere trading venture, with more to follow. The payments to be made and the amounts to be expended were indefinite. The sale of the property might be in parcels. The jury found their verdict on the statement of Sidway. If it was true that the purchase was made on the joint account of the parties in 1872, and the title was held by Sidway in trust until November, 1875, and was held in trust for Sidway until the final disposition of the property, in 1879, then it was a copartnership in which Sidway must account for the profits received in a proper action. *Nicoll* v. *Ogden*, 29 Illinois, 323; *S. C.* 81 Am. Dec. 311; *Pierce* v. *Shippee*, 90 Illinois, 371; *Kuhn* v. *Newman*, 49 Iowa, 424; *Remington* v. *Allen*, 109 Mass. 47; *Beauregard* v. *Case*, 91 U. S. 134. " Whenever it appears that there is a community of interest in the capital stock, and also a com-

munity of interest in the profit and loss, then the case is one of actual partnership between themselves and as to third persons." *Berthold* v. *Goldsmith*, 24 How. 536.

*Mr. John N. Jewett* for defendant in error.

It is respectfully submitted that this court has no jurisdiction of the writ of error in this case, and for the reason that the judgment upon which that writ of error has been sued out, is for a sum less than the amount necessary to give to this court jurisdiction to inquire into the record or the errors of it. *Thompson* v. *Butler*, 95 U. S. 694; *Hilton* v. *Dickinson*, 108 U. S. 165; *Opelika City* v. *Daniel*, 109 U. S. 108; *Ala. Gold Life Ins. Co.* v. *Nichols*, 109 U. S. 232; *Dows et al.* v. *Johnson*, 110 U. S. 223; *First Nat. Bank* v. *Redick*, 110 U. S. 224; *Pacific P. Tel. Cable Co.* v. *O'Connor*, 128 U. S. 394; *North Pac. Railroad Co.* v. *Austin*, 135 U. S. 315, 318.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

A motion is made to dismiss the writ of error, on the ground that the judgment against Clark is for only $4000, and that, therefore, this court has no jurisdiction of the case. But we are of opinion that the amount involved is not only the amount of the judgment against Clark, which he seeks to get rid of by this writ of error, but is, in addition, the amount which he claims as a counter-claim against Sidway, and which he would have recovered if his contention had been sustained. The aggregate is over $5000, and we, therefore, have jurisdiction.

As to the merits, the case was fairly put to the jury on the disputed question of fact as to whether Clark became a joint purchaser with Sidway of the land in question; and the jury have found against Clark on that question.

There was no error in the charge of the court in the particulars excepted to, or in the refusals to charge the matter asked by Clark. The case shows that the jury must have found, and were warranted in finding, that Sidway made the purchase

for the joint benefit of himself and Clark; that Clark paid to Sidway $2031.40 toward the purchase-money, which was the amount thereof over and above the incumbrance which was assumed; that Clark afterwards paid to Sidway $450 on account of expenses, interest and taxes, in carrying the property; that afterwards Sidway paid the interest on the incumbrance and the taxes, until he had paid more than Clark paid; that the incumbrance matured July 1, 1875; that, Sidway being an officer of the Illinois Trust and Savings Bank, that bank purchased the Cleaver note and held it as collateral security for Sidway's personal note for the same amount, with authority to sell such collateral to pay the obligation of Sidway; that, in 1879, the bank sold the collateral, and it was purchased by Lindgren; that the net result of the sale was credited on Sidway's note, and the balance of that note was settled by Sidway, as between him and the bank, after this suit was commenced, and Sidway's individual note was paid; that, subsequently to the sale of the collateral note, and in July, 1879, the original incumbrance was foreclosed by a sale of the land, made by the trustee in the trust deed; that at the sale the land was bought by Lindgren, and the proceeds were credited on the Cleaver note, leaving a large amount unpaid, and a large obligation resting upon Sidway, growing out of the purchase of the land, one-half of which had been assumed by Clark in the deed to him executed by Sidway and wife; that that deed had been recorded by Sidway and forwarded to Clark, who received and kept it; that it contained the before-mentioned assumption by Clark and agreement to pay one-half of the incumbrance, and the interest thereon from August 12, 1872, and one-half of any further liability which Sidway might be, under in consequence of the provisions of the trust deed; and that the foregoing matters were all consummated more than a year before this suit was brought.

This suit is founded upon the assumption clause in the deed from Sidway and wife to Clark. The note of Cleaver remained, when the suit was brought, in the ownership of Lindgren; and the action was, therefore, properly brought in the name of Sidway, for the use of Lindgren. The theory put

before the jury by Clark, and not sustained by their verdict, was that he had no connection with the purchase of the land; that the moneys which he advanced to Sidway were merely loans to the latter; and that the deed from Sidway and wife was only security for such loans.

The transaction between Sidway and Clark, of their joint purchase of the land, did not constitute a copartnership in respect thereto. It was a single, special adventure on joint account, involving the payment in equal proportions of designated sums of money. It was a mere community of interest in the property, and the agreement to share the profits and losses on the sale of the land did not create a partnership. The parties were only tenants in common, and the action at law would lie. *Jordan* v. *Soule,* 79 Maine, 590; *Gwinneth* v. *Thompson,* 9 Pick. 31; *Haven* v. *Mehlgarten,* 19 Illinois, 91; *Fowler* v. *Fowler,* 50 Connecticut, 256; *Dickinson* v. *Williams,* 11 Cush. 258; *Fisher* v. *Kinaston,* 18 Vermont, 489; *Fanning* v. *Chadwick,* 3 Pick. 420; *Coles* v. *Coles,* 15 Johns. 159; *Galbreath* v. *Moore,* 2 Watts, 89; *Harding* v. *Foxcroft,* 6 Maine, 76.

The defendant has no right to complain of the action of the court in allowing the plaintiff to remit all of the verdict in excess of $4000. Probably the court thought that the verdict embraced items which were not properly allowable under the declaration. There does not appear to be any ground for holding that the remittitur was made with a view to avoid the jurisdiction of this court.

We see no error in the action of the court in regard to the filling up of the amount in the verdict of the jury, even if the exception thereto can be considered as having been taken in time.

We have considered all the questions properly raised by the defendant, and all the alleged errors of which he has any right to complain, and see nothing in the record which would warrant the awarding by us of a new trial.

*Judgment Affirmed.*