## STONE *v.* FOWLKES.*

### FOWLKES *v.* STONE.

JURISDICTION; EQUITY; TRUSTS; PARTNERSHIP; ACCOUNTING.

1. A suit in equity for the declaration and enforcement of a trust is maintainable in the jurisdiction where the defendant is found, although the decree, through the power exercised over the person, incidentally affects the title to land in another jurisdiction. (Distinguishing *Columbia Nat. Sand Dredging Co.* v. *Morton*, 28 App. D. C. 288, 7 L.R.A. (N.S). 114.)

2. Where land is bought on joint account for partnership purposes, and the title vested in one of the partners, he holds it subject to a trust in favor of his copartner.

3. A partner is not entitled to compensation for services performed in the promotion of partnership objects, in the absence of a stipulation to that effect in the partnership articles; but where land is purchased by copartners for the purpose of conducting a poultry business thereon, and one partner clears and grubs the land, thereby enhancing its value, he is entitled to credit for such labor, which is not a part of the partnership business, in a partnership accounting.

4. Where a partner, having the legal title to partnership land, contracts in his own name with another to exchange the land for a stock of drugs, whereupon his copartner notifies such other person of his interest, and brings suit for a partnership accounting and for his proportion of the consideration to be paid, and it appears that the contract of exchange was abandoned when such notice was given,—the complainant has no right to enforce such contract.

Nos. 1718 and 1719. Submitted March 12, 1907. Decided April 2, 1907.

*\*Partnership Real Estate.*—Determination of the question as to when real estate will be considered partnership property, including the creation of implied and resulting trusts, is discussed and the American and English authorities presented in a no'e to *Robinson Bank* v. *Miller*, 27 L.R.A. 449.

HEARING on cross-appeals from a decree of the Supreme Court of the District of Columbia in a suit for the establishment of a trust in alleged partnership property, for a partnership accounting, etc.                                            *Affirmed.*

The COURT in the opinion stated the facts as follows:

Both the complainant and the defendant in the same suit have appealed from certain parts of the same decree.

The bill was filed by J. W. Fowlkes against Francis T. Stone and Robert N. Harper, and alleges substantially:    That on August 16, 1900, complainant and defendant Stone agreed together to purchase 5 acres of land in Prince George county, Maryland (which is fully described), to be used chiefly as a poultry farm.    That the purchase price of said land was $437.50, of which complainant contributed $225.    That the deed was made to Stone, but the equity of complainant as part purchaser was recognized therein.    That complainant occupied the land, the defendant Stone advancing the money to erect a small house thereon, and for other necessary expenses.    That complainant expended money and labor in clearing the land and otherwise improving the same.    That advances were made by Stone, and expenses paid by complainant, in certain sum stated. That said Stone has frequently recognized complainant's part ownership of the land by writings, duly executed, declaring the same.    That Stone has entered into an agreement with defendant Harper for the sale of said land for the sum of $1,500, the same to be paid by the transfer to him by Harper of a stock of drugs valued thereat.    That said purchase has not been completed, and said Harper has been notified of complainant's interest in said land, and of his claim to his due proportion of said purchase price.

The prayers are that the right and interest of complainant may be defined and decreed; that he may be decreed his proper proportion of the purchase price agreed upon between Stone and Harper; that reference shall be made to the auditor to settle the accounts between the parties; and that defendants be restrained

from completing the said sale without accounting to complainant. An exhibit is attached, showing the account between the parties as claimed by complainant.

Defendant Stone answered the bill, denying the joint purchase of the land, and alleging that his agreement with complainant was for a partnership in the raising of poultry upon the land purchased by Stone in his own name and as his exclusive property. He also avers that all work done by complainant was in aid of the poultry business, which proved a failure; that complainant never set up any title to a part of said land until after the failure of the poultry business; and when defendant had an opportunity to sell said land; and that the agreement of sale to defendant Harper was abandoned as a result of this suit.

Defendant Harper answered, admitting the agreement to purchase, and averring that it had been canceled after the notice by complainant to him of an interest in said land.

After testimony had been taken, the court passed a decree to the effect that the land described is a partnership asset, and that the title thereto is held by defendant Stone as trustee for the complainant and defendant in proportion to their respective interests as may appear upon an accounting; and, to the end that such interests may be accurately determined, referred the evidence to the auditor to settle and report the account.

The auditor reported that Stone paid the purchase money, amounting to $437.50, and the cost of the construction of the house, $291; and that complainant furnished Stone $225 of the money prior to the purchase of the land. That Stone advanced money for the chicken business in the sum of $32.50, and for complainant's personal use during sickness, of which complainant admitted the sum of $129.99. He denied complainant's account for services and labor in clearing and improving the land. His schedule attached shows a total paid by Stone for the land and expenses incurred in its purchase and improvement, of $757.20, on which he credited complainant with $225, leaving a balance of $532.20. He stated the account of the partnership business, crediting Stone with $118.99, and complainant with $59.49, leaving a balance due Stone thereon of $59.50. He

also reported that there was no ground for holding Stone answerable for Harper's refusal to complete the purchase.

The complainant filed exceptions to the report, specifying error therein as follows: 1. In charging complainant with the balance of loss in the partnership poultry buisness, because the same was the loss of the partnership, and not of the individual partners. 2. In denying compensation to plaintiff for work done upon the land enhancing its value. 3. In holding that the entire partnership venture was a failure, in that the land had increased in value double the money paid for and expended upon it. 4. In holding that defendant Harper could abandon the purchase, the price agreed therefor being now $500 more than can be obtained for the land. The court sustained the first three exceptions, and overruled the fourth. The final decree then proceeds as follows: "It appearing to the court that the partnership business included and related to the real estate as well as to the poultry business, and that the improvement to the real estate by the labor of the complainant should be treated in the same manner as the improvement thereof in the erection of buildings by the defendant Stone, and that when they are so treated the contributions of the complainant to the partnership business and property equal the contributions of the defendant, and consequently that the complainant's interest in the real estate is equal to that of the defendant, and that he is entitled to be treated as an equal owner thereof, notwithstanding anything appearing upon said report,—it is ordered, adjudged, and decreed that said real estate is the property of the complainant and the defendant in equal undivided shares, and that the defendant Stone, within ten days from the date hereof, convey to the complainant, by proper deed of conveyance, an undivided one-half interest therein, the said real estate being described as follows." Costs were decreed to be paid by the defendant.

*Mr. P. R. Hilliard* and *Mr. J. S. Easby-Smith* for Francis T. Stone.

*Mr. Leigh Robinson* for Junius W. Fowlkes.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. The appellant Stone now, for the first time, objects to the jurisdiction of the court, on the ground that the suit involves title to land situated in the State of Maryland, and in support of his contention cites the recent case of *Columbia Nat. Sand Dredging Co.* v. *Morton,* 28 App. D. C. 288, 7 L.R.A.(N.S.) 114. The objection is not well taken. That was an equitable proceeding, the principal object of which was to try the question of title to land in Maryland. The equitable relief prayed by way of injunction was incidental thereto. In the case at bar the subject-matter of the action is the declaration and enforcement of a trust, and the jurisdiction, as recognized in the opinion in the former case, is sustainable where the defendant may be found, notwithstanding the decree, though the power exercised over the person incidentally affects the title to land in another jurisdiction.

2. The court was clearly right in declaring the legal title vested in Stone as subject to a trust in favor of the complainant. The evidence, oral and written, shows that the purchase of the land was made on joint account. Though the principal part of the purchase money and of the cost of the building was paid by Stone, complainant contributed thereto in advance all that he agreed or had been required to do. One object of the purchase of the land was to use it as a poultry farm, the business of poultry-raising to be carried on as partners. Stone being engaged in the drug business in the City of Washington, Fowlkes was to live upon the place and conduct the poultry business. Fowlkes became ill, and the person who took charge during his absence appears to have made away with the poultry. Negotiations were then begun to sell the land, which had been improved with a view to the enhancement of its value. Fowlkes, in addition to managing the poultry business, performed a great deal of work in clearing and grubbing the land, which was covered with timber and undergrowth. Some cordwood cut in so doing was

sold, and the proceeds have been considered in stating the account between the parties.

The court was right in holding that Fowlkes was entitled to credit for work done which enhanced the value of the land. This work was not a part of that required in the conduct of the poultry business, but for the purpose of improving the value of the land itself, of which they were, in equity, tenants in common by reason of the purchase on joint account. *Clark* v. *Sidway,* 142 U. S. 682, 690, 35 L. ed. 1157, 1160, 12 Sup. Ct. Rep. 327.

The allowance of this claim, therefore, is not in conflict with the rule of law which denies compensation to a partner for skill and labor in the promotion of the common objects of the partnership, in the absence of a stipulation therefor in the contract. For labor performed in the matter of the poultry business Fowlkes was not entitled to compensation, and has made no claim therefor. For labor done as tenant in common of the land, to the extent that its actual value was thereby enhanced, he is as much entitled as is the defendant Stone for money expended for the same purpose.

Without reviewing the account of expenditures and credits, which involves many small items, we think the court was right in balancing the account of each party against the other, and declaring complainant entitled to an undivided one-half interest in the land.

3. What has been said substantially disposes of the complainant's fourth exception to the auditor's report. The agreement for the sale of the land to Harper was between him and the defendant Stone. Under the notice given to him by complainant of his interest in the land, before the completion of the purchase, he was apparently justified, so far as complainant is concerned, in declining to carry out his agreement with Stone. The latter having acquiesced in the abandonment of the agreement, the complainant has nothing to complain of, his interest in the land, to the full extent of his right, having been decreed to him. It would be unjust to leave the legal title to the land in Stone, burdened with a lien to the extent of one half of the

sum which Harper had agreed to pay. Moreover, that price was payable in a stock of drugs, and not in money.

The decree is right, and will be affirmed in whole. Each party will pay one half of the costs incurred in these appeals. It is so ordered. *Affirmed.*