# MacPHERSON v. HARDING.

---

ACCOUNTS STATED; IMPEACHMENT OF; EVIDENCE; PARTNERSHIP; TENANTS
IN COMMON; REMITTITUR.

1. The acceptance and acknowledgment of the balance as shown by an ac-
count submitted makes an account stated, from which the law implies
a promise to pay.

2. An account stated is prima facie correct, and cannot be impeached save
for fraud, error, or mistake.   (Citing *Gordon* v. *Frazer,* 13 App. D.
C. 382–387.)

3. Upon the acceptance and acknowledgment of the indebtedness stated in an account submitted, liability to pay at once arises, and a subsequent withdrawal of that acknowledgment is inoperative, unless supported by evidence tending to show fraud, error, or mistake; so that in an action on the account stated where there was no plea to that effect, and no evidence whatever was attempted to be introduced to show, such fraud, error, or mistake, evidence tending to show that the acceptance and approval of the indebtedness stated in the account submitted had been rescinded was properly excluded.

4. Where the purchasers of land did not enter into a partnership for that purpose, nor use partnership funds in paying for it, and the adventure was single and special on joint account, involving the payment in equal proportions of designated sums of money, and there was a mere community of interest in the property, the purchasers were not partners, but tenants in common, against whom an action at law, by the executrix of one of them for disbursements made by him, upon an account stated, is maintainable. (Citing *Starkweather* v. *Dyer,* 30 App. D. C. 146–149.)

5. Where on appeal in an action upon an account stated by the personal representative of one member of a land syndicate against the other members, it is discovered that a proportion of the indebtedness shown in the account is chargeable to the shares of the deceased member in the land of the syndicate, and verdict has been rendered and· judgment entered against the other members for the entire indebtedness, this court will allow a remittitur of the amount for which the shares of the deceased member is chargeable, and enter judgment against the other members for their proportion of the debt only.

No. 2499.    Submitted April 10, 1913.    Decided May 5, 1913.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court in an action upon an account stated.

*Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment on a directed verdict in an action upon an account stated.

The unquestioned facts of the case are these: In July, 1890, T. A. Harding and others formed a "syndicate" for the pur-

chase of certain real estate in the city of Washington; the whole number of interests therein being twenty-eight. The defendants in the action were some of the original purchasers; some held by transfer from original shareholders. The land was purchased from one Smith, and title made to William B. Gurley and Theodore Harding as joint tenants. These issued to each member of the syndicate a certificate showing that he had contributed one twenty-eighth of the sum expended, and reciting that said Gurley and Harding held the title upon trusts set out. Among these provisions it is declared that the several interests shall at all times be subject to assessment for their proportionate part of the money necessary to pay off an encumbrance to which the land was subject, and to pay all expenses incident to the trust. Times were fixed for the payment of each assessment, and in case of default in payment the trustees were authorized to sell the share of defaulter at public or private sale. Transfers of certificates were authorized, and the trustees empowered to take up the transferred certificates and issue new ones to the transferees. "Any transferee of such certificate and the interest hereunder shall thereby be subrogated to all the rights and be subjected to all the liabilities of the original holder." Gurley died, and Harding as surviving trustee held the title and managed the land. Harding died November 7, 1907, leaving a will by which he devised and bequeathed his entire estate to his widow, Caroline Harding, for life, with remainder to his two sons. She was named executrix of the will without bond. The will was duly probated and letters issued to the executrix, who gave a special bond. Emmons S. Smith and John H. Howell succeeded Harding as trustees. February 15, 1908, the executrix submitted to said trustees an account of receipts and disbursements of said Harding, trustee, as shown by his books of account, showing a balance due him of $2,445.41. The account was accompanied with vouchers, and the new trustees assisted in making it up from the books of Harding and the syndicate. This account was presented at a duly called meeting of the certificate holders. At this time the estate of Harding held certificates for two and one half shares.

The account was considered at the meeting, accepted and approved. On motion of Howell, trustee, an assessment of $100 was levied upon each share, payable in 30, 60, 90, and 120 days; $25 on each date. February 20, 1908, the trustees made a call upon the members, reciting the assessment made to pay the "approved and accepted" account due the estate of Harding, amounting to the sum of $2,445.41. One of these was addressed to the Harding estate, calling for payments on two and one half shares. This assessment was not paid because the assessment was revoked at a later meeting; nor has any payment been made on the account due plaintiff as stated.

The pleas of the defendants, Donald MacPherson and others were the general issue in assumpsit, and that the account sued on is a partnership account "as to which plaintiff is a copartner, and not a creditor of these defendants."

Motions were made by each party to direct a verdict. The court granted the motion of the plaintiff, and upon the verdict so returned for the amount of the account stated, namely $2,445.41, entered the judgment from which the defendants have appealed.

*Mr. Jackson H. Ralston, Mr. Frederick L. Siddons,* and *Mr. William S. Richardson* for the appellants.

*Mr. Mason N. Richardson* and *Messrs. Kappler & Merillat* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The acceptance and acknowledgment of the balance as shown by plaintiff's account made it an account stated, from which facts the law implies a promise to pay. The account stated is prima facie correct, and cannot be impeached save for fraud, error, or mistake. *Gordon* v. *Frazer,* 13 App. D. C. 382–387. An offer of evidence, on behalf of defendants, to show that "the action taken in the February 26th meeting of

the Eleventh and E. street Syndicate was reconsidered," was rightly denied. Whether the offered proof was intended to go any farther than to show what had already been proved, namely, that the assessment had been reconsidered, does not appear. Assuming, however, that it contemplated showing that the acceptance and approval of the indebtedness stated in the account had been rescinded, we perceive no error in its exclusion. The acceptance and approval having been made, the liability to pay at once arose, and a subsequent withdrawal of that acknowledgment is inoperative, unless supported by evidence tending to show fraud, error, or mistake. There was no plea to that effect, and no evidence whatever was attempted to be introduced.

2. The chief contention on behalf of the appellants is that there was a relation of partnership between plaintiff's testator and the other members of the syndicate; and for that reason there could be no account stated between them, and no action at law thereon between partners. The argument on the point has taken a wide range as to the existence of a partnership, the right of a partner to sue copartners at law, the effect of the death of Harding as working the dissolution of the partnership, etc.

Being of the opinion that the syndicate was not a partnership, it is unnecessary to discuss the related questions. The parties did not enter into a partnership to purchase the land, nor were partnership funds used in paying for it. It was a single, special adventure on joint account, involving the payment in equal proportions of designated sums of money. There was a mere community of interest in the property. The purchasers were not partners, but tenants in common. *Clark* v. *Sidway,* 142 U. S. 682–690, 35 L. ed. 1157–1160, 12 Sup. Ct. Rep. 327; *Starkweather* v. *Dyer,* 30 App. D. C. 146–149. The action is maintainable at law upon the account stated.

3. No notice was taken of the fact that a proportion of the indebtedness shown in the account was chargeable to the shares of Harding in the land of the syndicate. The assessment ordered to meet this indebtedness, but subsequently recalled, contemplated that the estate should bear its part of the same, and

call was made upon it therefor. Had the assessments been prosecuted to collection by the trustees, as originally contemplated, the estate's proportion would have gone into their hands with that of others, and been appropriated to the payment of the indebtedness. Since the assessments were not proceeded with to collection, and the plaintiff was put to her action at law, the defendants are only liable for their proportion of the debt. To compel them to pay the whole would therefore be unwarranted and unjust. As there are twenty-eight shares, the liability of each is one twenty-eighth of the amount. This one twenty-eighth amounts in round numbers to $87.50. The estate of Harding owning two and one half shares, its proportion of the whole amounts to $218.75, which the jury should have been directed to deduct from the amount of the account, leaving the same $2,226.66, for which the verdict should have been returned. The attention of counsel or the appellee having been called to this condition on the argument, they agree to remit the said sum, found to be $218.75.

The remittitur is allowed and approved, and the judgment is modified in accordance therewith, to read $2,226.66, instead of $2,445.41, as entered; and, as so modified, is affirmed, with costs.                                                    *Affirmed.*