## PACIFIC MAIL S. S. CO. v. BALDERACH.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1916.)

### No. 2778.

1. COURTS ⟨key⟩405—CIRCUIT COURT OF APPEALS—JURISDICTION—AMOUNT INVOLVED.

Where, in an action in the District Court for the Canal Zone, the amount sued for was over $14,000, a verdict was rendered for plaintiff for $930.60, a counterclaim was interposed by defendant of $421.95, which did not appear to have been passed upon by the jury, and the plaintiff in error submitted in the court below an affidavit that the amount in controversy exceeded $1,000, the amount involved was sufficient to give the Circuit Court of Appeals jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ⟨key⟩405.]

2. APPEAL AND ERROR ⟨key⟩695—RECORD—SUFFICIENCY TO SHOW ERROR.

The refusal to charge the jury not to consider one of the claims asserted in plaintiff's complaint, because of the absence of any evidence in its support, was not shown to be erroneous, where the bill of exceptions did not purport to set out all, or the substance of all, the evidence offered to support such claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2914; Dec. Dig. ⟨key⟩695.]

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Canal Zone; William H. Jackson, Judge.

Action by Alfred L. Balderach against the Pacific Mail Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Donelson Caffery and Lamar C. Quintero, both of New Orleans, La. (Caffery, Quintero & Brumby, of Franklin, La., on the brief), for plaintiff in error.

Felix E. Porter, of Ancon, Canal Zone, for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. [1] A motion is made to dismiss this case on the ground that the amount involved is not sufficient to give this court jurisdiction. The amount sued for was $14,332.23. The verdict of the jury in favor of the plaintiff was for $930.60. The defendant (plaintiff in error here) made a counterclaim of $421.95, which does not appear to have been passed upon by the jury. The record shows that the plaintiff in error submitted in the court below an affidavit that "the amount in controversy in said cause is in excess of $1,000." The motion to dismiss is overruled. See Clark v. Sidway, 142 U. S. 682, 12 Sup. Ct. 327, 35 L. Ed. 1157.

[2] It may be assumed, without it being decided, that the instrument set out as a bill of exceptions was duly made a part of the record presented for review, as the result is the same in either event; an examination of that instrument having led us to the conclusion that it does not show the commission of any reversible error. The principal assignment of error directed against action by the court shown only by that instrument is based upon a refusal of a request to charge the jury not to consider one of the claims asserted in the complaint, because of the absence of any evidence to support that claim. The instrument does not purport to set out all, or the substance of all, the evidence offered to support the claim referred to. For anything that is made to appear, that claim may have been well supported by evidence proper to be submitted to the jury. The result is that there is a failure to show that the court erred in refusing the requested instruction. We find no reversible error in the record.

Judgment affirmed.