**AMEGLIO HERMANOS et al. v. JOSEPH.** *

(Circuit Court of Appeals, Fifth Circuit. April 9, 1927.)

No. 4904.

Courts ⟺405(11)—Circuit Court of Appeals could review judgment of District Court of Canal Zone, when aggregate of judgment and counterclaim disallowed exceeds $1,000 (Comp. St. § 10045).

On writ of error by defendant from a judgment of the District Court of the Canal Zone, to make up the requisite amount to give the Circuit Court of Appeals jurisdiction under Act Sept. 21, 1922, § 3 (Comp. St. § 10045), the amount of the judgment for plaintiff and the amount of a counterclaim disallowed may be added together to exceed the jurisdictional requirement of $1,000.

In Error to the District Court of the United States for the Canal Zone; James W. Blackburn, Judge.

Action at law by Raquel Joseph against Ameglio Hermanos and others. Judgment for plaintiff, and defendants bring error. Affirmed.

J. Zach. Spearing, of New Orleans, La., L. S. Carrington, of Ancon, Canal Zone, and Carlos Icaza A., of Panama City, Panama, for plaintiffs in error.

Roberto Jimenez, of Panama City, Panama, for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error to recover damages for personal injuries sustained by her while a passenger in an automobile, alleged to have been owned by the plaintiffs in

*Rehearing denied May 23, 1927.

error and operated by their employee, Guiseppe Scornavaca, the injuries complained of being attributed to the negligence of such employee in the operation of the automobile. The parties are herein referred to as plaintiff and defendants, respectively. After the court denied a motion of the defendants to quash an order of attachment obtained by the plaintiff and to discharge a levy thereunder, the defendants appeared generally by attorneys and filed an answer which put in issue the material allegations of the complaint and set up a claim for damages in the sum of $382.50 for the detention by the plaintiff of property of the defendants which was seized under the writ of attachment. The case was tried without the intervention of a jury. At the conclusion of the evidence the defendants "moved for dismissal of the complaint, and further move the court for judgment in their favor on the claim, and for judgment on behalf of the defendants on the entire case." The defendants excepted to the action of the court in overruling that motion. The court found that plaintiff was entitled to recover $800 damages and costs, and that the defendants were entitled to recover $82.50 on their counterclaim, and rendered judgment accordingly.

The plaintiff filed a motion to dismiss the appeal, on the ground that the value in controversy does not exceed $1,000, which is required by the statute giving this court jurisdiction to review final judgments of the District Court of the Canal Zone. 42 Stat. 1006 (Comp. St. § 10045). The value in controversy is shown by adding to the amount awarded to plaintiff the part of the counterclaim of the defendants which was disallowed. The aggregate of those two amounts exceeds $1,000. It follows that the motion to dismiss the appeal is not well taken. Clark v. Sideray, 142 U. S. 682, 12 S. Ct. 327, 35 L. Ed. 1157.

In this court it was not controverted that evidence adduced supported plaintiff's allegations of negligence and injury. In behalf of the defendants it was contended that the evidence without conflict showed that the automobile in which the plaintiff was a passenger was the property of one Salerno, and was operated for him by his employee, Scornavaca. We do not think that the record warrants that contention. Circumstances disclosed by evidence adduced furnished support for findings that at the time the plaintiff was injured that automobile was owned by the defendants, and was operated for them by Scornavaca as their employee. We conclude that the record does not show an ab-

sence of evidence to support a finding and judgment in favor of the plaintiff. It follows that the court did not err in overruling the single motion made by the defendants when the evidence was concluded, which motion called for a dismissal of the complaint, and the rendition of a judgment for the defendants on the entire case.

No reversible error being shown by the record, the judgment is affirmed.