Day, J.
 

 There are two questions presented by this record: First, may a judgment be taken by a mortgagee for the amount of the unpaid mortgage indebtedness against an assuming grantee before the sale of the mortgaged premises? Second, what is the liability of the defendants in error under the agreement of October 1, 1925, identified in the record as Exhibit A, the parties thereto being Frank Komminsk and his wife, Fred W. Cook, Theodore Harris, Sam Michael and Simon S. Fishel?
 

 This court has recently passed on the point whether a deficiency judgment may be taken against those liable on a promissory note and mortgage, in an action upon such note and to foreclose the mortgage as shown by the fourth paragraph of the syllabus in the case of
 
 Simon
 
 v.
 
 Union Trust Co.,
 
 126 Ohio St., 346, 185 N. E., 425:
 

 “Where an action for personal judgment on a note is joined with an action for foreclosure of a mortgage securing such note, judgment may be rendered for the full amount due upon the note,, prior to the sale of the mortgaged premises, and need not be deferred until the result of the sale is ascertained and the deficiency determined. ’ ’
 

 This is the point upon which the certification of conflict was made, and the above-noted case is decisive and disposes of the first ground of plaintiffs in error’s contention.
 

 The second question for determination is, What rights have the plaintiffs in error under the agreement of October 1, 1925, Exhibit A, between Komminsk, Cook, Harris, Fishel and Michael?
 

 It is to this instrument that the plaintiffs in error must look for any claim against those who assumed the liability under the mortgages in question at the
 
 *32
 
 time of the conveyance of the property to Komminsk. We are quite in accord with the contention that an action was maintainable thereon against defendants in error by the holders of the note and mortgage, but recovery on such agreement was entirely limited to the terms and provisions of the agreement. The same provided, among other things:
 

 “And to be liable for their one-fourth interest in the above stated mortgages which is now on said premises.”
 

 This language clearly indicates that the parties to such agreement limited the liability of the holders of the various shares “to be liable for their one-fourth interest” in the mortgage indebtedness, and we are of opinion that such is the limit of the liability.
 

 We cannot take the view that the agreement made the signers thereof partners, and that as such each is liable for the debts of all under the general partnership rule. . True, there can be a partnership in the owning of and dealing in real estate,
 
 Heirs of Ludlow
 
 v.
 
 Devisees of Cooper, 4
 
 Ohio St., 1, but such was not this agreement. On the other hand, a joint purchase of land and an agreement to share the profits and losses of selling it do not make a partnership. The parties are simply tenants in common.
 
 Clark
 
 v.
 
 Sidway, 142
 
 U. S., 682, 12 S. Ct., 327, 35 L. Ed., 1157;
 
 Holton
 
 v.
 
 Guinn
 
 (C. C.), 76 F., 96;
 
 Dunhann
 
 v.
 
 Loverock,
 
 158 Pa., 197, 27 A., 990, 38 Am. St. Rep., 838;
 
 Taylor
 
 v.
 
 Fried,
 
 161 Pa., 53, 28 A., 993;
 
 Millett
 
 v.
 
 Holt,
 
 60 Me., 169;
 
 Sikes
 
 v.
 
 Work,
 
 72 Mass. (6 Gray), 433;
 
 Howe
 
 v.
 
 Howe,
 
 99 Mass., 71;
 
 Moody
 
 v.
 
 Rathburn, 7
 
 Minn., 89.
 

 We view the parties to this instrument as those taking part in a joint adventure, rather than as partners; that their relationship was in the nature of a joint tenancy, and not that of partnership.
 

 To constitute a partnership the evidence must show that the persons shared profits as principals in a joint
 
 *33
 
 business, in which each had the express or implied authority to bind the other; and it is founded on the relation they sustain of being, each, principal and agent in the joint business.
 
 Harvey
 
 v.
 
 Childs & Potter,
 
 28 Ohio St., 319, 22 Am. Rep., 387.
 

 Partnership generally is used to characterize a generally continuing joint adventure, while the term “joint adventure’'’ refers to or designates a single transaction, such as in the instant case, which involves the purchase and sale- of the single piece of real estate in question, to wit, Inlot 24 in the original plat of the town, now city, of Lima, Allen county, Ohio. The case of
 
 Harvey
 
 v.
 
 Childs & Potter, supra,
 
 states the rule and is applicable in cases of true partnership, but in the opinion in that case, at page 323, it is pointed out, in discussing cases where money is advanced to be used in a trading business and returned in a year, with a share of the profits, that it may well be implied that the business was conducted on behalf of and by the authority of the person advancing the money and sharing the profits, for it is to the continuing trade in the ordinary way that he looks for his profits: “But such cases are plainly distinguishable from one where money is advanced, to be embarked in a single transaction, where no credit is contemplated. In such case there is no ground for the implied authority to incur debts, such as exists in regard to a general trading business. ’ ’
 

 In the instant case, however, the very language of the agreement is conclusive as to the extent to which the holders of the various shares bound themselves; and the third party, who is seeking to enforce the terms of this agreement, is bound thereby.
 

 It is well settled in this state that if one person, upon a sufficient consideration, makes a promise to another for the benefit of a third, such third person may maintain an action in law upon the promise; nor need he be named especially in the agreement as the person
 
 *34
 
 benefited.
 
 Emmitt
 
 v.
 
 Brophy,
 
 42 Ohio St., 82;
 
 Trimble
 
 v.
 
 Strother,
 
 25 Ohio St., 378, 381: “The plaintiff’s right rests solely on the agreement.”
 

 Entertaining the view that the parties to this agreement were joint tenants, arising from a contract creating a joint adventure, and not' a partnership, the modification of the order of the court of common pleas made by the Court of Appeals, was
 
 right;
 
 and this conclusion must be affirmed whether the agreement be a partnership or a joint adventure, for the rights of the plaintiffs in error can rise no higher than the terms of the written agreement upon which they rely, which fixes the liability of the various signers to such agreement to be “for their one-fourth interest in the above stated mortgages which is now on said premises.” More than this the plaintiffs in error cannot recover. It therefore follows that the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Bevis, J., not participating.