SNOW ET AL., EXRS., *v.* FULTON ET AL.

(Decided January 30, 1936.)

*Messrs. Rockwell, Grant, Doolittle, Thomas & Buckingham,* for plaintiffs in error.

*Messrs. Slabaugh, Seiberling, Huber & Guinther,* for defendants in error I. J. Fulton, Samuel H. Squire, Supt. of Banks, etc., and The First-Central Trust Co.

WASHBURN, J. This action originated in the Probate Court upon the application of the First-Central Trust Company, which was one of the executors of the estate of O. E. Bowdle, deceased, for the allowance of a claim which it had against said estate. No ques-

tion is made that the procedure in Probate Court was not regular, or that proper notice was not given to interested parties, among whom were William A. Boesche and Fred Zindel.

The Probate Court disallowed the claim involved in this action, and an appeal was taken to the Common Pleas Court, where the claim was allowed. The matter is now before this court on a petition in error.

The claim involved arose out of the following transactions:

On or about January 2, 1929, O. E. Bowdle, William A. Boesche and Fred Zindel bought from Herman Ferbstein a piece of property on West Market street, in the city of Akron. The title to this property was taken in the name of William A. Boesche, as trustee. A part of the purchase price was paid in cash, and the balance was evidenced by the execution of a promissory note made payable to the order of Herman Ferbstein, in the amount of $27,500 and signed by William A. Boesche, trustee, who also executed a mortgage on said real estate to secure said note. The note and mortgage were thereafter assigned as collateral to the First-Central Trust Company to secure an obligation of Mr. Ferbstein to that bank.

At the time of the purchase of said property by these individuals they entered into an agreement in writing, as follows:

"Whereas William A. Boesche as trustee is taking a conveyance of the following described premises [real estate described], and in taking such conveyance is executing a mortgage and note for twenty-seven thousand five hundred dollars ($27,500) to Herman Ferbstein, due and payable on or before ten years from date * * *.

"Whereas said William A. Boesche as trustee is taking said property for and on behalf of Fred Zindel, O. E. Bowdle and himself, each having one-third in-

terest in the same and each having paid one-third of the down-payment for the purchase of said property, and said title is being held by said William A. Boesche, as trustee, for the equal benefit of all of the undersigned parties:

"Now, Therefore, the undersigned parties agree, for the protection of William A. Boesche and his estate, that said property was purchased and conveyed to him as trustee for the equal benefit of the parties hereto, and that each of the parties hereto assumes and agrees to pay his one-third share of all obligations and liabilities of every nature and description which may arise and which have arisen by reason of the purchase of said property and the conveyance of the same when sold."

Thereafter Bowdle was killed in a railway crossing accident, and the bank was appointed as one of the executors of his estate.

The claim of the bank, as presented in the application to the Probate Court, was based upon said written agreement; the theory being that a partnership relation existed between the parties to said agreement, and that they were severally liable for the entire obligation described in said agreement.

It is conceded by the attorneys for the bank, now represented by the superintendent of banks, that after said application was filed a decision by the Supreme Court of the State of Ohio, *Union Savings & Loan Co.* v. *Cook*, 127 Ohio St., 26, 186 N. E., 728, settled the law to be such as to make the Bowdle estate liable to the bank on said agreement for not more than one-third of the same, and that but for certain evidence that was admitted at the trial of said application there would be no contention that the Bowdle estate was liable for the full amount of the claim. That evidence was given by Boesche and Zindel, who, over the objection and exception of the attorneys for the Bowdle

estate, were permitted to testify to certain facts and circumstances which they claim justify the conclusion that shortly before Bowdle's death Boesche, Zindel and Bowdle entered into an agreement by which Bowdle took over the property and agreed to pay the claim of said bank.

It is claimed that the evidence thus introduced does not justify the conclusion that any such contract was made the day preceding the death of Bowdle; but we do not find it necessary to detail such evidence or to pass upon the question of its sufficiency to establish said contract, because it is urged that said Boesche and Zindel were disqualified from being witnesses and giving testimony with reference to said claimed contract, and the conclusion we have reached with reference to that contention will dispose of the case.

With reference to the matter we have this situation: The proceeding was brought by one of the executors of the estate, and was defended by the heirs, devisees and legatees of Bowdle. If Boesche and Zindel had brought suit against the Bowdle estate upon the claimed contract which in this application the bank is seeking to enforce against the estate as one made for its benefit, said Boesche and Zindel would have been disqualified from testifying by the provisions of Section 11495, General Code. Therefore the question to be decided is whether or not Boesche and Zindel, assuming that they were not parties to the proceeding, are disqualified as witnesses when the action is brought by the bank to enforce said contract.

At common law, *parties* to actions were prohibited from testifying because they were interested in the outcome of the suit.

Such disqualification was removed by what is now Section 11493, General Code, and reimposed under particularly specified circumstances set forth in what is now Section 11495, General Code. At the same

time certain *persons*, without regard to their being parties to the action, were disqualified from testifying by what is now Section 11494, General Code, and in the 1880 codification of the statutes it was provided that ''when a case is plainly within the reason and spirit'' of said statutes, ''though not within the strict letter, their principles shall be applied.''

In the instant case, if Boesche and Zindel were the assignors, and the bank were assignee of the claim in question, Boesche and Zindel would be disqualified as witnesses under subdivision 4 of Section 11494, General Code, which prohibits from testifying:

''4. A person who assigns his claim or interest, concerning any matter in respect to which he would not, if a party, be permitted to testify.''

The one who makes a contract for the benefit of a third party does not, strictly speaking, assign his interest in the contract to said third party, but where the third party accepts the benefit of the contract, and brings suit to enforce it, the transaction is in effect an assignment. *Berry* v. *Adams,* 122 Mich., 17, 80 N. W., 792.

The reason for disqualifying the person who makes a contract for the benefit of a third party from testifying in a suit by the third party to enforce the contract against an executor or administrator is the same as the reason for disqualifying an assignor from testifying in a suit by the assignee against an executor or administrator to obtain the benefit of an assignment. In each instance the disqualified witness, if a party to the suit, could not testify.

In the case of a contract for the benefit of a third party, the disqualified witness may have a vital interest in the result of the suit. That is true in the instant case, for Boesche and Zindel, if the suit is successful, will place upon the Bowdle estate the obligation of

paying a claim, two-thirds of which Boesche and Zindel are obligated to pay.

We are of the opinion that this is a case "plainly within the reason and spirit" of said disqualifying statute, though not within the strict letter thereof, and that the principles of the statute should "be applied," and we therefore hold that even if Boesche and Zindel were not parties to the proceeding their testimony should not have been considered.

Where a witness was within the strict letter of the statute, but not within the reason of it, it was held that he was not disqualified. *Wolf* v. *Powner, Exr.,* 30 Ohio St., 472.

But in this case Boesche and Zindel were parties to the proceeding, which was a proceeding under Section 10509-106, General Code, and pursuant to requirements of that section the Probate Court required notice to be served upon Boesche and Zindel as creditors of the estate, they claiming to have a contract with the decedent. Said Section 10509-106, General Code, also provides that "all the persons named in the order" concerning notice "shall be parties to the proceeding"; and any of such parties are authorized to prosecute an appeal from the order of the Probate Court as to the allowance of the claim. Section 10509-109, General Code.

Boesche and Zindel were proper parties, and the heirs, etc., of said decedent who were defending the estate were, by order of the Probate Court, also made parties by being served with a like notice; and when the appeal to the Common Pleas Court was perfected the entire proceeding was transferred to that court, and all of the parties in the Probate Court became parties in the Common Pleas Court. Counsel for the bank, in oral argument, stated that no claim was made as to defect of parties in this error proceeding, and we are therefore not considering that question.

The claim said to have been created against the estate by the alleged contract of Boesche and Zindel with the decedent was the subject of the proceeding, and Boesche and Zindel were vitally interested in having the claim allowed; therefore, said parties who were defending the estate were adverse parties in said proceeding to Boesche and Zindel, as well as the bank, and Boesche and Zindel were disqualified as witnesses under the provisions of Section 11495, General Code.

Their testimony was not competent on the theory that the proceeding was one "involving the validity of a deed." The most that the bank claimed (and that was not even hinted at in the application) was that there was a contract which was made for its benefit, and that the evidence of such contract was in a deed. The existence of an instrument erroneously denominated a deed was important, but what was "involved" was the claimed contract. It is admitted that the claimed deed was not acknowledged or witnessed, and hence there was no valid deed. There may have been a contract to make a deed which Boesche and Zindel could enforce, but there was no such contract which the bank could enforce. If the bank's claim depended upon a valid deed it failed utterly.

Disregarding the testimony of said disqualified witnesses, the trial court should have allowed only one-third of the claim against the estate of Bowdle. The judgment of the Common Pleas Court is therefore ordered to be modified accordingly, and, as so modified, the same is affirmed; but as the real contest in this court has been with reference to the two-thirds of the claim which is disallowed, the costs in this court are ordered assessed against the superintendent of banks.

*Judgment modified and affirmed as modified.*

Funk, P. J., and Stevens, J., concur.