JENKINS et al. v. HARRIS et al.—83 S. W. (2d) 562.

Middle Section.   February 16, 1935.

Petition for Certiorari denied by Supreme Court, June 10, 1935.

Worth Bryant and L. M. Bullington, both of Cookeville, for appellant, Gibson.

Thompson & Haile, of Cookeville, for appellants, Ann and E. A. Farley.

F. E. Harris and W. L. Cooper, both of Cookeville, for appellees, Jenkins and others.

FAW, P. J. This suit was begun by an original bill filed in the chancery court of Putnam county on November 19, 1932, by C. S. Jenkins and J. C. Darwin, as complainants, against C. M. Harris, Mrs. Ann Farley, and E. A. Farley, as defendants. All of the parties are resident citizens of Putnam county, Tenn.

The purpose of the bill was to obtain a judgment against defendant C. M. Harris for the aggregate amount of three promissory notes executed by him (less certain specified credits), with interest and attorney's fees, and for the enforcement of an alleged vendor's lien on two adjoining lots or parcels of land, described in the bill, to satisfy said judgment.

Mrs. Ann Farley and E. A. Farley were made defendants to the bill for the alleged reason that they are now in possession of said land, under title derived, through mesne conveyances, from defendant Harris.

Defendant Harris answered the bill and denied liability to the complainants on said notes or any part thereof. The defense interposed by his answer, when reduced to its essence, is that the notes in suit, although executed by him, are, in fact and in law, owned by a partnership composed of himself and the two complainants, Jenkins and Darwin; that settlement of the partnership accounts, affairs, and business has never been made between the partners; that, if he owes anything at all on said notes (which he denies), "it is to the firm of C. M. Harris, C. S. Jenkins and J. C. Darwin, a partnership," and not to the complainants C. S. Jenkins and J. C. Darwin; and that complainants are not entitled to judgment against him under their bill in this case for any sum.

Defendants Mrs. Ann Farley and E. A. Farley answered the bill and alleged that they are the owners, in fee simple, of the lands in question, and they deny that the notes sued upon in this case are liens upon said lands. They allege (with statements of dates and circumstances) that said lands were conveyed by C. M. Harris to E. Y. Gibson, and by E. Y. Gibson to Cooper Loftis, and by Cooper Loftis to these respondents (the Farleys), and that, if they are mistaken in their aforesaid denials, they are entitled to give notice to their predecessors in title, viz., Loftis, Gibson, and Harris, to come into court and defend the title of these respondents to the lands in controversy. They, therefore, file their answer as a cross-

bill against said Loftis, Gibson, and Harris, and pray that said cross-defendants be required to come into court and defend this suit, and, in the event complainants Jenkins and Darwin should recover on said notes and said judgment be declared a lien upon said lands now owned by these cross-complainants, that cross-complainants have a decree against the cross-defendants for the full sum thus adjudged a lien on their said lands, and for the costs of suit.

Later, the Farleys were permitted to amend their answer and cross-bill so as to pray that the notes sued upon be declared null and void and removed as a cloud upon the title of cross-complainants to said lands.

E. Y. Gibson and Cooper Loftis filed a petition in the cause praying that they be made party defendants to the original bill and to the cross-bill of the Farleys; and it seems to have been so treated by the court and the parties. Gibson and Loftis denied that the notes sued upon in the original bill are a lien on the lands in question.

An answer was filed by the original complainants, Jenkins and Darwin, to the cross-bill of the Farleys, and a separate answer to said cross-bill was filed by C. M. Harris. These answers traversed the material allegations of said cross-bill.

The foregoing statement is a mere skeleton of the pleadings, all of which (with the exception of the answer of C. M. Harris to the cross-bill of the Farleys) contain full statements, in much detail, of the several transactions out of which this litigation arose, together with the respective contentions of the parties concerning same; but we do not deem it necessary to extend this opinion by a fuller statement of the pleadings, as they made the issues which were decided by the chancellor, and in the further statement of the case herein we will endeavor to point out these issues so far as they are involved in the rulings of the chancellor challenged by the assignments of error.

After the issues were made up by the pleadings as aforesaid, all the parties, through their counsel of record, entered into an agreement, in writing, that the cause "be heard before the court upon oral and documentary evidence as provided by Acts of 1917."

The cause was thereafter heard by the chancellor upon oral testimony of witnesses heard in open court, with documentary exhibits thereto, and the chancellor took the case under advisement and subsequently filed a "finding of facts," which also included his conclusions of law and directions for the preparation of a decree.

The defendants filed written motions, in the nature of petitions, for additional findings of facts; but these motions were overruled, and a decree was entered, pursuant to the findings and opinion of the chancellor, adjudging that complainants Jenkins and Darwin

are entitled to a judgment against the defendant C. M. Harris for the whole amount of said three notes involved in this cause and filed herein, with the accrued interest thereon, less the credits appearing on said three notes, respectively, and for attorney's fees as provided in said notes.

It was thereupon decreed that complainants recover of defendant C. M. Harris the sum of $948.23, as the balance of principal and interest on said three notes less credits thereon, and the further sum of $94.83 for a reasonable attorney's fee as provided in the face of each of said notes making an aggregate recovery of $1,043.05.

It was further decreed that defendant C. M. Harris pay two-thirds of the costs of the cause, and that the complainants Jenkins and Darwin pay one-third of the cost.

It was further decreed that a lien existed on an undivided two-thirds interest in the lands in controversy (known in the record as lots numbered 1 and 2 in the Oak Hill subdivision) to secure $948.72, and no more, of the aforesaid judgment of $1,043.05, and that, unless said sum of $948.72 was paid within 60 days from the date of the decree, the clerk and master would proceed to advertise, as required by law, and sell to the highest bidder said two-thirds undivided share or interest in said two lots (which are fully described in the decree) for one-third cash on the day of sale, and the balance in equal installments on six and twelve months' time, taking notes with good personal security for the deferred payments and also retaining a lien on the property thus sold to secure the payment of the notes so executed for the deferred payments.

The decree further provided for the reservation by the court of certain controverted questions in the case, as follows:

"The questions raised or additional finding of facts requested by the motion of the defendants Mrs. Ann Farley and E. A. Farley, as to the rights and liabilities of the defendants C. M. Harris, E. Y. Gibson, Cooper Loftis, Mrs. Ann Farley and E. A. Farley under the various general Warranty deeds executed and delivered among themselves, are reserved until after the sale of the said two-thirds undivided share or interest of said complainants C. S. Jenkins and J. C. Darwin in and to said lots Numbers One (1) and Two (2) of said Oak Hill Subdivision, as provided for in this decree, and will be adjudicated in the final decree made in this cause.

"The motion of said defendants Mrs. Ann Farley and E. A. Farley for additional finding of facts is overruled, except as above held."

The "defendants" excepted to the "action of the court and adverse rulings affecting the interests and rights of the defendants," and prayed an appeal to this court therefrom, which appeal was granted by the court and perfected by defendants C. M. Harris,

Mrs. Ann Farley, E. A. Farley, and E. Y. Gibson. Cooper Loftis did not perfect his appeal.

In this court, assignments of error have been filed on behalf of Mrs. Ann Farley, E. A. Farley, and E. Y. Gibson. No assignments of error have been filed on behalf of C. M. Harris; hence his appeal will be treated as abandoned. See Rules of the Court of Appeals, Appendix to 17 Tennessee Appeals Reports, p. IV, rule No. 12; Ransom v. Carlisle, 8 Tenn. App., 448, 452.

The appellees insist, through a preliminary motion and on their brief, that the decree should be affirmed for the reason that there was no motion for a new trial below. They rely on section 10622 of the Code as requiring such motion in this case, because it was tried on oral testimony.

A case tried on oral testimony in chancery court under the Act of 1917, chapter 119, is tried according to the forms of equity, and may be reviewed de novo on appeal without a motion for a new trial. Fonville v. Gregory, 162 Tenn., 294, 36 S. W. (2d) 900; Mutual Life Insurance Co. v. Burton, 167 Tenn., 606, 614, 72 S. W. (2d), 778. The aforesaid motion of appellees for an affirmance is, therefore, overruled.

The main question raised by the assignments of error in this court, and upon the decision of which practically all the other questions depend, is whether the land involved in this case was, at the time it was conveyed by C. M. Harris to E. Y. Gibson, held and owned, as partnership property, by a partnership composed of C. M. Harris, C. S. Jenkins, and J. C. Darwin, or was held and owned by said three persons as tenants in common. The chancellor held that they had title as tenants in common, and the appellants insist that this was error.

By deed dated November 4, 1927, acknowledged on November 5, 1927, and registered in the register's office of Putnam county on November 7, 1927, S. P. Huddleston and wife conveyed "unto C. M. Harris, J. C. Darwin and C. S. Jenkins, in equal one-third parts, their heirs and assigns forever," two adjoining tracts of land aggregating 85 acres, more or less, in Putnam county, Tenn., about three miles west of the town of Cookeville.

For the purpose of sale, the grantees in said deed subdivided said land into numbered lots, or small acreage tracts, and caused a plat of same to be registered in the register's office of Putnam county as "Oak Hill Subdivision."

On December 28, 1929, C. M. Harris and his wife executed and acknowledged for registration a deed which purported to convey to E. Y. Gibson, his heirs and assigns, lot No. 2 in said Oak Hill subdivision (and also another lot not in said subdivision and not here involved). Said deed was registered on the day it was executed and acknowledged as aforesaid.

The next deed in the chain of title here involved (in chronological order of execution) is a deed bearing date of June 30, 1929, acknowledged by the grantors on June 30, 1930, and registered in the register's office of Putnam county on August 11, 1930. By this deed C. M. Harris, J. C. Darwin, and C. S. Jenkins conveyed, or undertook to convey (the effect of this deed, being a matter of controversy), to "said C. M. Harris, his heirs and assigns," lots 1 and 2 in the Oak Hill subdivision. The consideration for the execution of said deed, as recited therein, was as follows:

"The sum of Fourteen Hundred Fifty Dollars, paid and to be paid as follows, to-wit: Three Hundred Sixty-Two and 50/100 cash in hand paid the receipt of which is hereby acknowledged, and the balance is paid by three purchase money notes, in the sum of Three Hundred Sixty-Two and 50/100 each, respectively, due in 1, 2, and 3 years after date, and to be and remain a lien on the hereinafter conveyed real property, the same bearing interest at 6% per annum, the receipt of all of which is hereby acknowledged."

Said last-named deed contained a recital, after the description of the property conveyed, as follows:

"The previous and last conveyance being a deed to C. M. Harris, J. C. Darwin, and C. S. Jenkins, from S. P. Huddleston, registered in Register's Office of Putnam County, Tennessee, in Vol. 22, Page 544."

On November 29, 1930, C. M. Harris and his wife executed and acknowledged for registration a deed which purported to convey to E. Y. Gibson, his heirs and assigns, lot No. 1 in the Oak Hill subdivision (and also another lot not in said subdivision and not here involved). Said deed was registered on December 13, 1930.

On February 17, 1932, E. Y. Gibson executed and acknowledged for registration a deed of conveyance of said lots 1 and 2 in the Oak Hill subdivision to Cooper Loftis, and said deed was registered on March 15, 1932.

On March 15, 1932, Cooper Loftis and his wife executed and acknowledged for registration a deed of conveyance of said lots 1 and 2 in the Oak Hill subdivision to "Mrs. Ann Farley and E. A. Farley, their heirs and assigns."

The record shows that the three notes described in the aforesaid deed of C. M. Harris, J. C. Darwin, and C. S. Jenkins to "said C. M. Harris" are the three notes upon which this suit is founded; that they were sold and transferred by indorsement of the payees, shortly after they were executed and before maturity, to one Mrs. Mattie Staley, and after the maturity of said notes, they were transferred, for value, by Mrs. Mattie Staley to the complainants Jenkins and Darwin.

There is nothing in any of the deeds to which we have referred (and they are all the deeds in evidence), which states, or indicates,

or suggests, or from which it could be inferred, that C. M. Harris, J. C. Darwin, and C. S. Jenkins were partners in the ownership of the land in question, or that said three persons were the members of a partnership for any purpose.

The deed of S. P. Huddleston and wife, supra, by its terms, clearly vests title to the tract of land therein described, in C. M. Harris, J. C. Darwin, and C. S. Jenkins, as tenants in common; each of them being vested with title to an undivided one-third interest or "share" therein.

A joint purchase of a tract of land by two or more persons does not constitute a copartnership with respect thereto; nor does an agreement to share the profits and losses on the sale of the land create a partnership; the parties are only tenants in common. Clark v. Sidway, 142 U. S., 682, 12 S. Ct., 327, 330, 35 L. Ed., 1157, 1160.

In Clark v. Sidway, supra, Sidway sued Clark for money advanced by Sidway for the joint purchase of a tract of land. Clark sought to defend upon the ground, among others, that he and Sidway purchased the land on joint account, in equal shares, for resale at a profit, upon an agreement to contribute equally to the purchase money and the taxes and interest; that such understanding would constitute the parties copartners in such land speculation, and, in the absence of a final settlement and the striking of a balance, neither party could be sued at law by the other for reimbursement of advancements made by him upon the joint account. But the court held otherwise, saying:

"The transaction between Sidway and Clark of their joint purchase of the land did not constitute a copartnership in respect thereto. It was a single, special adventure on joint account, involving the payment in equal proportions of designated sums of money. It was a mere community of interest in the property, and the agreement to share the profits and losses on the sale of the land did not create a partnership. The parties were only tenants in common, and the action at law would lie." See, also, note, 18 L. R. A. (N. S.), pages 1084-1086.

The usual indicia of a partnership are absent in the instant case. Morrison v. Meister, 212 Mich., 516, 519, 180 N. W., 395. Jenkins and Darwin were actively engaged in the operation and management of a large mercantile business in which they were partners. Harris was, and had been for several years, engaged in the real estate business in Putnam county and had no connection with the mercantile business of Jenkins and Darwin. It was agreed between the three purchasers of the Huddleston land that Harris would superintend the platting and subdivision of the land and negotiating sales of lots, for which he would be paid a "commission" on sales.

An agreement to contribute labor in consideration of receiving a part of the profits of an enterprise does not create a partnership, where such profits are paid as compensation for the labor contributed. Wagner v. Buttles, 151 Wis., 668, 139 N. W., 425, Ann. Cas., 1914B, 144, 147.

It is argued for the appellants that complainants Darwin and Jenkins admitted in their testimony that they and defendant Harris were partners in the purchase and sale of the Huddleston land; and counsel cite pages of the transcript where they claim that such admissions appear.

We have read all the testimony in the record, and we have carefully re-examined the above-mentioned citations of the testimony of Darwin and Jenkins. With one exception, they are found in the cross-examination of complainant Darwin. A few times in the course of cross-examination, counsel and the witness use the word "partnership" with reference to the arrangement through which the purchase and sale of the Huddleston land was conducted; but such use of the term was merely incidental and Darwin and Jenkins were not lawyers and not presumed to know the legal significance of the word "partnership." Darwin incidentally disclosed his lack of knowledge of the true meaning of the word "partnership" by his statement that the operators of a certain swimming pool were "incorporated," but that he didn't "know whether you would call it a partnership."

It is a matter of common knowledge that in colloquial phrase among the laity almost any sort of joint arrangement in a business matter is called a partnership.

Whether or not the "arrangement" between Harris, Darwin, and Jenkins here in question created the legal relation of partners depends upon the intention of the parties (as disclosed by the greater weight of the evidence) touching the terms of their agreement with respect to the purchase and sale of the Huddleston land.

In 20 R. C. L., at page 832 (with reference to the "effect of intention" in the creation of a partnership), it is said:

"When all the conditions exist which by law create a legal relation, the effects flowing legally from such relation follow, whether the parties foresaw and intended them or not. On the other hand, if the terms of the contract existing between the parties do not constitute a partnership, none will be declared, even though the parties in words call the arrangement one."

We concur in the chancellor's finding that the complainants and defendant Harris were not partners in the transactions involved in this case.

The deed executed by C. M. Harris and wife to E. Y. Gibson on December 28, 1929, although purporting to convey lot No. 2 in the Oak Hill subdivision, operated as a conveyance of only an

undivided one-third interest therein, as that was at that time the full extent of the title and interest of C. M. Harris therein.

The deed subsequently executed by C. M. Harris, J. C. Darwin, and C. S. Jenkins, to "said C. M. Harris," vested the full legal title to lots 1 and 2 in the Oak Hill subdivision in C. M. Harris, but subject to the vendor's lien retained therein to secure the purchase money notes, to the extent of the two-thirds interest of Darwin and Jenkins.

Such "after acquired title" of C. M. Harris inured to the benefit of his grantee of lot No. 2, E. Y. Gibson, but subject to the aforesaid vendor's lien in favor of Darwin and Jenkins. 8 R. C. L., pp. 1058, 1059, par. 110.

E. Y. Gibson acquired title to lot No. 1 in the Oak Hill subdivision through the deed of C. M. Harris and wife, executed on November 29, 1930, but subject to the previously retained vendor's lien in favor of Darwin and Jenkins as aforesaid.

We are of the opinion that the chancellor did not err in finding that the title of Mrs. Ann Farley and E. A. Farley to an undivided two-thirds interest in said lots 1 and 2 in the Oak Hill subdivision is encumbered with a vendor's lien in favor of complainants to secure the sum of $948.72, principal, interest, and attorney's fees on the three notes in suit, and in decreeing an enforcement of the lien by a sale of the lots.

The question of the right of the Farleys to a judgment against Loftis, Gibson, and Harris on the warranty in their respective deeds was reserved for future adjudication by the chancellor, and is, therefore, not open for adjudication on the present appeal.

It is said in the reply brief of counsel for appellees that, in the event of the affirmance of the decree of the chancellor, counsel for appellees would be entitled to an allowance by this court of an additional fee for the work caused by the appeal.

The chancellor included attorney's fees in the judgment in favor of complainants by reason of the contract for attorney's fees in the notes sued upon. In this state a fee so provided for in a note is a constituent part of the obligation, enforceable by or in behalf of the holder of the note, and it is not considered to be a distinct obligation or penalty to be enforced in behalf of the attorney or as a separate cause of action. Merrimon v. Parkey, 136 Tenn., 645, 654, 191 S. W., 327; Fields v. Horn, 136 Tenn., 630, 632, 191 S. W., 331; Strong v. Efficiency Apartment Corporation, 159 Tenn., 337, 346, 17 S. W. (2d), 1, 19 S. W. (2d), 273.

In view of the rule just stated, the appellate court has no jurisdiction to allow additional attorney's fees for additional services rendered on appeal.

It results that the assignments of error are overruled and the decree of the chancellor is affirmed. The cause will be remanded

to the chancery court of Putnam county for further proceedings in conformity with the opinion and decree of this court.

The costs of the appeal will be adjudged against the appellants and the sureties on their respective appeal bonds.