# YOUNG v. JONES.—255 S. W. (2d) 703.

Eastern Division at Knoxville. January 29, 1952.

Petition for Certiorari denied by Supreme Court, July 11, 1952.

Cox, Epps, Miller & Wilson, of Johnson City, for appellant.

Bernard H. Cantor, of Johnson City, for appellee.

SWEPSTON, J. Dr. Young filed his original bill seeking a rescission of a contract with defendant, Dr. Jones, for breach thereof and cancellation of the balance due on a note. Defendant demurred on the ground complain-

ant could not have rescission of a contract which had been partly executed and under which complainant had received substantial benefits, because complainant had not offered to, and could not, refund that which he had received. The demurrer was overruled with leave to reply on same with the answer. Answer and cross-bill was filed, much proof was taken by depositions on which the suit was heard and a decree was rendered holding complainant liable on the note, but denying defendant a recovery of attorney's fees as called for in the note and taxing costs against defendant.

Complainant has taken a broad appeal, defendant a limited appeal as to the two matters above stated.

There are six assignments of error but we need discuss only the last two and to that end a brief statement of facts and an abstract of the contract is necessary; this, because we think the case for complainant's appeal is adverse to him on a question of law.

 Dr. Jones had practiced veterinary medicine and surgery in Johnson City and Washington County since 1920. In 1942 he took in his nephew, Dr. Frederick Jones, who practiced with him until 1943 when he went into the Armed Forces. He then took in Dr. Young. Upon the return of Frederick in 1945 Dr. Jones sold out to Frederick and Young for $10,000. On May 8, 1946 the present contract was made, whereby Frederick stepped out, Young went alone and made a new contract with Dr. Jones, the pertinent parts of which follow.

"Whereas, all of the above matters being well known and understood by the party of the first part and the party of the second part, and in consideration of the above matters, herein related, and the payment of One Dollar cash in hand, by the parties hereto, each to the other, the receipt of which is here-

by acknowledged, the party of the first part doth hereby and by these presents sell, transfer, and deliver unto the party of the second part, his business and good-will of the practice of Veterinary Medicine and Surgery together with a quantity of instruments and equipment, used and useable in said practice, located in the Hospital building at the corner of West Market and Whitney Streets, in Johnson City, Tennessee, for the sum of Ten Thousand ($10,000.00) Dollars. Said instruments and equipment is to remain on the premises and is not to be disposed of, until the full sum of Ten Thousand ($10,000.00) Dollars has been paid, unless otherwise permitted by the party of the first part herein, his heirs and assigns.''

The next two paragraphs give Young credit for about eight hundred dollars paid on the first contract and set up the balance of about nine thousand dollars payable in monthly installments of $166.67.

''It is agreed between the parties hereto that as long as this contract is not breached, the party of the first part shall not engage in the practice of Veterinary Medicine and Surgery in Johnson City, and Washington County, Tennessee. He shall have the right, however, to exercise his profession and calling as a food and dairy inspector.

''It is agreed between the parties hereto that a default in the payment of any monies, called for by this contract, lease, and agreement, shall give the right to the party of the first part to re-enter the practice of Veterinary Medicine and Surgery; take possession of all the instruments and equipment herein mentioned, which shall be subject to oral identification; together with the hospital building, and this

right shall extend to the party of the first part as well as his heirs and assigns.''

The next two paragraphs lease the office and hospital building to Young for $50 per month for 5 years.

The last pertinent paragraph prohibits Young from selling the practice and equipment or assigning the lease without the consent of Dr. Jones.

It is charged in the bill that Dr. Jones is engaged in the practice and again carrying on the usual and customary activities of same and has recently opened a new hospital and clinic under the name of ''Johnson City Small Animal Clinic''; that this is a material breach of the contract which under the bill entitles Dr. Young to be relieved of further liability on the note.

As stated, the Chancellor held against complainant on the facts. Complainant does not ask for damages or for injunctive relief against further breach, but now asks solely for cancellation of the unpaid balance of the purchase price.

As we shall seek to demonstrate, there is no necessity for us to review the entire evidence, because if we assume arguendo as a fact the alleged breach, complainant cannot have the relief sought.

In the case of Bradford & Carson v. Montgomery Furniture Co., 115 Tenn. 610, 92 S. W. 1104, L. R. A., N. S., 979, are found the controlling rules.

The facts were that Bradford & Carson sold their entire furniture business to Montgomery Furniture Company; this included stock in trade, fixtures and good will, and they agreed to remain out of that type of business for 3 years. The contract price of the stock and fixtures was $28,537.01 and was paid at the time of sale. The value of the good will and contract not to resume business

for 3 years was fixed at $3,000 due in one year, for which a promissory note due 1 year was delivered to sellers. Default was made on this note and sellers filed their bill to recover judgment on same. Purchasers by answer and cross-bill set up an alleged breach by complainants' re-entry into business and resulting destruction of a part of the consideration for the note sued on and laid damages in the sum of $10,000.

The Court of Chancery Appeals found there was such breach, that same was a complete defense to the note, and dismissed the bill.

In the Supreme Court complainants insisted that the breach did not necessarily defeat their action, because the relief to which defendants were entitled was to enjoin such further breach and to recover such damages as naturally and proximately flowed from the breach, same to be recouped in this case, or recovered in a separate action.

The Court held that the determination of these questions depended on whether the contract between the parties was an entirety or was severable; that if it was an entire contract supported by one consideration, or if the agreement to remain out of business for 3 years was a condition precedent, the bill was properly dismissed; that if the contract was severable, and if performance of the contract by either party was not precedently conditioned on performance by the other party, the relief for the cross-complainants was injunction against further breach and recoupment against the note for such damages as might be proved by conventional standards and evidence, which in the absence of actual damages would be only nominal.

The Court then applying the rules applicable, further Held, the contract was severable and performance by

either was not precedently conditioned on performance by the other; the cause was remanded for proof of damages.

In holding the contract was severable the court said, 115 Tenn. at page 629, 92 S. W. at page 1109:

"The consideration of the note of the defendant was two fold—the good will of the firm of Bradford & Carson and their contract not to engage in the furniture business for three years from the time of their sale to the defendants. These are separate and distinct considerations".

By analogy it seems clear to us that in the instant case the contract was severable. For the $10,000 the consideration consisted of the practice or business of the seller, the fixtures and equipment, the good will and the agreement not to re-enter the practice.

Counsel for original complainant insists, however, that the promise to pay the price and the covenant not to compete are dependent upon one another.

We are not able to agree to this contention. The answer is to be found in the Bradford case, 115 Tenn. on page 630, 92 S. W. on page 1109, where, after stating that the good will and the business were turned over immediately to purchasers, and this part of the contract was not dependent upon the execution of any other parts, while the execution of other parts was deferred, the Court said:

"The contract of complainants not to again engage in the furniture business while the performance of it was begun immediately, could not be completed until the expiration of the three years from its date. This contract upon the part of the defendants to pay $3,000 as a consideration for the good will which had been

delivered to them, and the agreement on the part of complainants to cease business for three years, was to be performed in one year from its date. One year from the reception of part of the consideration, and two years before complainants could complete the other part of the consideration. It is clear, therefore, that it could not have been the intention of the parties that the performance of this contract by either party was conditioned upon its performance by the other. The terms of the contract render such an intention absolutely impossible of execution. We think, therefore, it clear that the contract between the parties is severable, and that the breach by the complainants of that part of the agreement binding them not to resume business for three years cannot defeat their action upon the note of the defendants''.

The only difference in those facts and the instant case is the covenant not to compete was to run for the rest of Jones' life and the price was to be paid in installments over approximately a five year period. It is obvious that, if Jones lived longer than five years, the price would have been paid before he could fully perform, and if Jones had died, say the first year, the purchaser was not bound to perform fully for five years in paying the note; immediate performance by neither was expected, nor was performance of one dependent upon performance by the other of these parts of the contract.

We are of opinion, therefore, that the contract in the instant case was severable and that performance by either party was not subject to performance by the other as a condition precedent; that complainant would not, therefore, be entitled to cancellation of the balance due on the note, even if a breach of contract had been proved;

that he has neither prayed for nor proved any damages and does not now seek any; that his bill must be dismissed.

■ As to the two assignments of error of Dr. Jones, since the promissory note on its face contains a contract to pay 10% attorney's fees, it is a constituent part of the obligation of the note contract and the court has no power to change the contract. The authorities are cited in Jenkins v. Harris, 19 Tenn. App. 113, 83 S. W. (2d) 562. Counsel for Dr. Young relies upon Holston National Bank v. Wood, 125 Tenn. 6, 140 S. W. 31, but that case is inapposite.

The contract in that case called for a "reasonable" attorney's fee, in which event the matter is left to the court to determine what is a reasonable fee. See also, Julian v. American Nat. Bank, 172 Tenn. 602, 113 S. W. (2d) 746.

This assignment is sustained.

The second assignment complains of the taxation of all costs against the successful party.

■■ The taxation of costs is within the equitable, judicial discretion of the Chancellor, subject to review on appeal for arbitrary, capricious, blind abuse of same. Gibson, sec. 583, except in those cases enumerated in section 584 where the statutes determine the matter.

■■ "A complainant may be entitled to the relief he prays, and yet be guilty of some conduct connected with the suit, or the subject-matter, that offends the conscience of the court". Gibson, section 583.

This is the basis on which the record shows the Chancellor acted in this case and we see no abuse of discretion.

This assignment is overruled.

For the foregoing reasons, a decree will be entered here against Dr. Young for the amount of the decree below plus legal interest, plus attorney's fees equal to 10% of the amount of the judgment below and costs.

We concur. Anderson, P. J., and Hale, J.