**Richard E. DOLE, Appellant,**

v.

**D. R. WADE, Jr., Appellee.**

Supreme Court of Tennessee.

June 3, 1974.

Jack B. Henry, Moore, Henry, Henry, Lewis & Cain, Pulaski, for appellant.

William M. Leech, Jr., Leech & Hardin, Columbia, for appellee.

## OPINION

DYER, Chief Justice.

Appellant, Richard E. Dole, appeals from the action of the judge in dismissing his complaint on motion. The complaint alleges the following facts:

On November 3, 1969, as a part of the purchase price of a tract of land, appellant executed a note payable to Carl B. Thomas and wife, said note payable at the Union Bank in Pulaski, Tennessee, in five equal annual installments of $13,400.00 each, with interest at eight per cent. The note contained the following provision for attorney's fees:

In event this note is not paid at maturity, the maker and endorsers bind themselves to pay all the costs and expenses of collection, also an attorney's fee of ten per cent. In the event this note or the annual interest shall not be paid when due, the owners and holders of this note may declare the entire balance with interest immediately due and payable.

The first installment with interest due on November 3, 1970, was made in accord with the terms of the note.

In July, 1970, appellant decided to obtain other financing, spreading the payments over a longer period of time, and to accomplish this made application to the Federal Land Bank for such a loan. The complaint does not state the date this application was made. That on or about November 1, 1971, appellant advised Carl B. Thomas of his refinancing and that the entire amount, including interest, would be paid a few days after the next installment was due on November 3, 1971, the only matter to be cleared up being the processing of the closing papers.

That on or about November 15, 1971, appellant received a letter from appellee, an attorney, notifying appellant the note had been turned over to appellee for collection. This letter demanded payment of the installment due of $13,400.00, interest and attorney's fee of ten per cent. Upon receipt of this letter appellant attempted to pay appellee the principal and interest due, less the attorney's fee of $1,340.00. Appellee refused and demanded payment of the attorney's fee before the lien securing the note would be released. On November 19, 1971, appellant paid the full amount, including the attorney's fee.

On December 22, 1972, the complaint in this case was filed to recover all or part of this attorney's fee. The complaint seeks recovery on the theory first, that it was not necessary to give the note to appellee for collection, and secondly, if necessary, the amount of the attorney's fee is unreasonable for the services rendered.

Upon motion filed pursuant to 12:02, Rules of Civil Procedure, the judge dismissed the complaint.

The case of Holston National Bank v. Wood, 125 Tenn. 6, 140 S.W. 31 (1911), involved a note containing the following provision:

If this note is placed in the hands of an attorney at law for collection, we agree to pay 10 per cent. attorney's fees, and all expenses incurred in its collection, and that if it is sued on said attorney's fees and expenses shall be taxed up in judgment.

Upon the issue of attorney's fees under the terms of this note the Court said:

While a stipulation in a note for attorney's fees is valid and will be enforced by this court, the court is not bound by a provision to the effect that any particular amount shall be allowed for such fees, and, no matter what stipulation as to the amount is made in the face of the note, it will not be enforced unless it appears reasonable to the Court. 125 Tenn. at 16, 140 S.W. at 34.

The case of Roller v. Hamilton, 13 Tenn.App. 241 (1931), is pertinent to the issue here. In Roller the note placed in the hands of an attorney for collection

provided for a ten per cent attorney's fee. On this issue the Court stated:

> A stipulation in a note for 10% attorney's fees if the note is placed in hands of an attorney for collection, is a stipulation for liquidated damages and such fees are recoverable, in an action on the note, without proof that they were incurred. 13 Tenn.App. at 246.

The Court in *Roller*, in support of the above statement, cites Mallory v. Columbia Mortgage & Trust Co., 150 Tenn. 219, 263 S.W. 68 (1923).

While under the facts of that case we agree with the result reached in *Roller*, we do not agree *Mallory* supports the above copied statement from *Roller*. *Mallory* stands for the proposition where a note provides for attorney's fees, it is not necessary suit be brought in order to fix liability against the maker for reasonable value of services rendered; the exception being where the note is contrarily worded.

The case of Young v. Jones, 36 Tenn. App. 333, 255 S.W.2d 703 (1952), involved a note containing an agreement to pay ten per cent attorney's fee. The Court held such was a "constituent part of the obligation of the note contract and the court has no power to change the contract."

In *Young* the Court of Appeals held that the failure of the chancellor to award ten per cent attorney's fee as part of the judgment on the note was error. Under those facts, we agree that from the above copied language used by the Court it is reasonable to argue that *Young* stands for the proposition that where a note contains an agreement to pay a stated percentage as an attorney's fee, the Court has no power to change the percentage.

In support of the above language used in the *Young* case, the Court cited Jenkins v. Harris, 19 Tenn.App. 113, 83 S.W.2d 562 (1935). The *Jenkins* case does hold an agreement to pay an attorney's fee is a constituent part of the note but the issue of the power of the Court to change a stated percentage was not raised in that case. The issue of attorney's fees in *Jenkins* was made by the attorneys for the holder of the note for additional fees for work caused by the appeal.

The Court in *Young* found Holston National Bank v. Wood, *supra*, to be inapposite by the following language:

> The contract in that case called for a "reasonable" attorney's fee, in which event the matter is left to the court to determine what is a reasonable fee.

This statement in regard to the *Holston National Bank* case is in error. The note in *Holston National* did not contain an agreement for a "reasonable attorney's fee," but expressly provided for a ten per cent attorney's fee.

One of the more recent cases touching on this issue is In Re: Myers Estate, 55 Tenn.App. 195, 397 S.W.2d 831 (1965). The holding in that case is that where a note provides for a stated percentage as an attorney's fee, such can be allowed absent proof if the trial judge is of the opinion such amount would be reasonable. The case also holds where the note provides for a reasonable attorney's fee, before allowance of such, proof will have to be taken as to the proper amount.

Appellee, D. R. Wade, Jr., also cites Daly v. Drug Co., 127 Tenn. 412, 155 S.W. 167 (1912); Franklin v. The Duncan, et al, 133 Tenn. 472, 182 S.W. 230 (1915); Merrimon v. Parkey, 136 Tenn. 645, 191 S.W. 327 (1916); and Seaton v. Dye, 37 Tenn. App. 323, 263 S.W.2d 544 (1953). We are of the opinion these cases are not in point, because the issue of the reasonableness of the amount of attorney's fee is not raised in any of them.

The general rule on the issue, sub judice, adhered to in most jurisdictions of this

country is stated in 11 C.J.S. Bills and Notes § 726, p. 279, as follows:

> It is generally held that the amount of fees fixed by the instrument sued on is at least prima facie the sum recoverable, subject to reduction by the court in the exercise of its sound discretion, where such sum is unreasonable and excessive.

■ The law in this state on the issue of the power of the court to determine the reasonableness of an attorney's fee, where such is stipulated in a note by percentage, or otherwise, is that stated by the Court in Holston National Bank v. Wood, *supra*.

Subsequent cases holding to the contrary are overruled.

We think the complaint (accepted as true here on motion) states a cause of action and the trial court was in error in dismissing the complaint on motion.

The judgment is reversed and the cause remanded for further proceedings in accord with this opinion.

CHATTIN, McCANLESS, and FONES, JJ., concur.

LEECH, Special Justice, not participating.