Robert GREENE, Plaintiff/Appellee,

v.

THGC, Inc., Defendant/Appellant.

Court of Appeals of Tennessee,
Middle Section.

Sept. 6, 1995.
Permission to Appeal Denied by
Supreme Court Feb. 5, 1996.

Thomas V. White, Tune, Entrekin & White, Nashville, for appellant.

Steve Jordan, Yost & Robertson, Franklin, for appellee.

## OPINION

LEWIS, Judge.

This is an appeal by defendant THGC, Inc. from the trial court's finding that the statute of limitations did not commence to run on plaintiff's claim until "plaintiff incurred damages [by making] a payment of [club] dues"

and that plaintiff was entitled to a judgment for all sums paid by plaintiff to defendant within the six year statute of limitations.

Plaintiff commenced this suit in the General Sessions Court of Williamson County seeking restitution of club dues paid to defendant. The general sessions court denied plaintiff's claim, and plaintiff appealed to the Circuit Court for Williamson County. The circuit court found that plaintiff was entitled to recover $8,003.59 and entered judgment against defendant for that amount.

The pertinent facts are as follows:

In 1977, the real estate which constitutes defendant's real property was conveyed to the defendant's predecessor, Temple Hills Golf and Country Club, Inc., by an assignment of beneficial interest from James Patterson. The terms of the assignment granted plaintiff and several other persons complimentary lifetime memberships in Temple Hills Golf and Country Club. In 1981, as a result of a judgment against Temple Hills Golf and County Club, Mr. Scobey obtained a judicial sale of all real property and improvements which belonged to the corporation. The assets acquired at the judicial sale included the land where the club was located. Title to the land was put in the name of defendant THGC, Inc., a new corporation of which Mr. Scobey was stockholder and president.

In 1981, Mr. Scobey informed all members of the club, including plaintiff, that there were no complimentary lifetime memberships and that all persons would have to pay dues as regular members or drop out of the club. That same year, Mr. Scobey hired plaintiff as a club manager, and plaintiff worked in that capacity from 1981 to 1985. As part of his compensation, plaintiff received a country club membership free of charge. Plaintiff was fully aware that defendant was not honoring any complimentary memberships at the time he served as club manager.

Mr. Greene ceased his employment as club manager in 1985. Mr. Scobey informed plaintiff that he would have to begin paying dues if he wanted to remain as a member of the club. Plaintiff began paying regular dues in 1985 and paid them through 1992.

Additionally, the other recipients of complimentary lifetime memberships continued as club members after 1981 and paid regular dues without asking for repayment. In June 1993, Mr. Scobey sold the club to a third party known as LinksCorp.

Defendant's first issue is "[w]hether Appellee's cause of action for breach of contract is barred by the applicable statute of limitations."

The applicable statute of limitation for an action under contract is Tennessee Code Annotated section 28–3–109(a)(3) (1980). This section provides in pertinent part as follows: "The following actions shall be commenced within six (6) years after the cause of action accrued: ... (3) Actions on contracts not otherwise expressly provided for."

The first issue we must address is whether plaintiff's cause of action accrued in 1985 when defendant repudiated the contract or whether plaintiff enjoyed a separate cause of action upon each payment of dues, thus, precluding recovery of only those due payments made more than six years prior to the date the suit was instituted. We are of the opinion that the contract sued upon and the analysis of the applicable laws reveal that plaintiff's sole cause of action accrued in 1985 upon defendant's intentional breach of the contract.

A breach of contract gives rise to a cause of action by the aggrieved party. The statute of limitations begins to run as of the date of the breach. It is also a well recognized rule that a cause of action arises when the acts and conduct of one party shows an intention to no longer be bound by the contract. *Brady v. Oliver*, 125 Tenn. 595, 612–13, 147 S.W. 1135, 1139 (1911). The court, in *Brady*, held "where one party to a contract announces in advance his intention not to perform, the other party may treat the contract as broken, and sue at once for the breach, without waiting the arrival of the time fixed by the contract for performance." *Id.* at 1138.

The record is clear that defendant announced to plaintiff its intention not to honor the lifetime membership in 1985. Plaintiff's cause of action against defendant

accrued as of the date of appellant's repudiation. Therefore, the statute of limitations bars any claim by plaintiff brought more than six years from that date.

The trial court held, however, that the statute of limitations began to run on plaintiff's claim as plaintiff incurred damages, that is, the statute began to run with each payment of dues paid by plaintiff to defendant.

Tennessee Code Annotated section 28–3–109(a)(3) (1980) provides that the statute will begin to run when "the cause of action accrued." The trial court held that the cause of action did not accrue until plaintiff incurred damages. We are of the opinion that the trial court was in error since the construction of the contract shows that plaintiff did not enjoy a separate cause of action upon each dues payment, but rather he had a single cause of action which accrued upon defendant's repudiation of the contract in 1985.

■ "Where a contract is severable or divisible, breaches of its severable parts will give rise to separate causes of action accruing at different times, . . ." *Brockett v. Pipkin,* 25 Tenn.App. 1, 8, 149 S.W.2d 478, 482 (1941) (quoting 37 C.J. *Limitations of Actions* § 216 (1925)). Under these circumstances, the statute of limitation will begin to run at the time of each breach. *Id.* On the other hand, "if a continuing contract is entire, an action can be maintained on it only when a breach occurs or the contract is in some way terminated, and the statute begins to run from that time only." 54 C.J.S. *Limitations of Actions,* § 154 (1987).

■ Under Tennessee law there is no precise definition of when a contract is entire or when it is severable. *James Cable Partners, L.P. v. City of Jamestown,* 818 S.W.2d 338, 344 (Tenn.App.1991), *cert. denied,* 502 U.S. 1032, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992). A contract is severable "where each part is so independent of each other as to form a separate contract." *Id.* A contract is entire when the "promises of both parties are interdependent and relate to the same subject matter." *Id.*

■ Here, plaintiff's claim arises out of an express condition in the 1977 assignment of beneficial interest in real property given by James T. Patterson, Jr., then the beneficial owner, to defendant's predecessor, Temple Hills Golf and Country Club, Inc., whereby the grantee club agreed to honor certain complimentary lifetime club memberships extended to identified third parties, one of which was plaintiff. As part of the consideration for the conveyance of land to defendant's predecessor, plaintiff was promised a complimentary lifetime membership to the club. The consideration under the agreement was part of a single package and related to the same subject matter. Therefore, we are of the opinion the contract is entire.

The fact that plaintiff made monthly dues payments is not determinative of the issues. This court has held that "the general view is that though in an entire contract for continuous undetermined services there is a stated or customary time of periodic payments, the Statute is not put into operation from such periodic dates but only from the termination of the employment." *Murray v. Grissim,* 40 Tenn.App. 246, 256–57, 290 S.W.2d 888, 893 (1956) (quoting 6 Williston on Contracts, pp. 5694, 5695). The statute of limitations in the instant case did not start anew with each dues payment tendered, but rather started to run upon defendant's clear repudiation of the contract in 1985.

In *Walker v. Walker,* 12 Tenn.App. 130 (1930), this court held that "[c]ontracts to support and maintain a person [are] continuing contracts, so that the statute does not begin to run against any part of the claim of the person furnishing the support, until the contract expires by its own terms or is otherwise brought to an end. . . ." *Id.* at 140 (quoting 37 C.J.S. *Limitations of Actions* § 213 (1925)).

Here, defendant repudiated its obligation to honor plaintiff's complimentary lifetime membership in 1985. Therefore, a breach of the contract occurred at that time. Plaintiff clearly had a cause of action against defendant for breach of contract. If plaintiff had walked away from the club at that time and had not continued to make monthly dues payments, he could not have instituted a breach of contract claim after six years had

elapsed. The fact that plaintiff voluntarily made dues payments from the date of repudiation until the date he instituted the instant suit does not change the result. In either case, plaintiff's claim is barred because it was not instituted within six years of the date the cause of action accrued.

Here, the contract does not represent a situation such as an installment loan where there is an affirmative obligation by one party to make payments on specified future dates. In that situation, the failure to tender each payment represents a separate cause of action, and the statute of limitations runs from the moment of each installment. *Farmers & Merchants Bank v. Templeton,* 646 S.W.2d 920, 923 (1982). In the instant case, defendant promised to honor plaintiff's complimentary lifetime membership. Plaintiff's voluntary dues payments each month cannot be viewed as a separate breach of the contract by defendant. The anticipatory breach occurred in 1985. The contract was therefore ended and started the running of the statute of limitation. The prevailing view in this state is that the "statute of limitations is a statute of repose, the purpose or object of which is to compel the exercise of a right of action within a reasonable time." *Hackworth v. Ralston Purina Co.,* 381 S.W.2d 292, 294 (1964). Defendant repudiated the contract in 1985, more than six years prior to plaintiff's filing of the instant suit. Plaintiff cannot circumvent the running of the statute of limitations by voluntarily making monthly dues payments. Regardless of when the damages occurred, plaintiff's cause of action accrued in 1985 and his claim is barred by the six year statute of limitations.

It therefore results that the judgment of the trial court awarding judgment to the plaintiff is reversed and the cause is dismissed at the cost of the plaintiff.

The suit is remanded to the trial court for any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.