# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE



**FILED**

**January 21, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

ROGER P. HOGAN, FRED C. DANCE, )
and MUSIC CITY DUST-TEX )
SERVICE, INC., )
         )
    Plaintiffs/Appellants, )
         )
         )    Appeal No.
         )    01-A-01-9712-CH-00733
VS. )
         )    Davidson Chancery
         )    No. 95-2911-III
COYNE INTERNATIONAL )
ENTERPRISES CORPORATION )
d/b/a COYNE TEXTILE SERVICES, )
         )
    Defendant/Appellee. )

## OPINION ON PETITION TO REHEAR

Both parties have filed petitions to rehear. With respect to the petition by the sellers, we have reviewed the petition and find that it does not state a ground for modification of the original opinion.

With respect to Coyne's petition, we do not think it requires a change in result, but it does merit a specific response.

**a.**

The chief complaint in the petition is with this court's conclusion that the sales contract was severable. We have examined the cases cited in the petition, *James Cable Partners, L.P. v. City of Jamestown*, 818 S.W.2d 338 (Tenn. App. 1991), *Penske Truck Leasing Co., L.L.P. v. Huddleston*, 795 S.W.2d 669 (Tenn. 1990), *Green v. THGC, Inc.*, 915 S.W.2d 809 (Tenn. App. 1995), and *John Deere Plow Co. v. Shellabarger*, 203 S.W. 756 (Tenn. 1918), and do not find any authority contrary to our original opinion. In fact the definition for a divisible contract adopted by the court in *James* seems to specifically describe the contract in this case: "one in which the

performance is divided into different groups, each set embracing performances which are the agreed exchange for each other." 818 S.W.2d at 344. Coyne insisted that the contract be divided and Coyne assigned the values to each division. We do not see how a plausible argument can be made at this point that the contract was not divisible.

2

The petition does not address the cases of *Bradford & Carson v. Montgomery Furniture Co.*, 92 S.W. 1104 (Tenn. 1906) and *Young v. Jones*, 255 S.W.2d 703 (Tenn. App. 1952). These cases add to the entire/severable picture by establishing that for the breach of a severable contract the plaintiff has the burden of proving how much damage resulted from the breach. That is the simple consequence of this whole exercise. Coyne was entitled to reduce its payment by every penny caused by Hogan's breach. By failing to prove that it had suffered any damages from Hogan's breach, Coyne should pay the balance of the purchase price.

**b.**

Coyne's petition to rehear also takes issue with this court's reduction in the award of attorneys fees. We think our discussion in the original opinion properly disposed of this issue.

We are of the opinion, therefore, that both petitions to rehear should be denied.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE

_____

2