IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2001 Session

## THOMAS A. SMYTHE v. PHIL JONES, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 25568     Russ Heldman, Judge**

---

**No. M2000-02062-COA-R3-CV - Filed December 5, 2001**

---

In this suit wherein the Plaintiff, Thomas a. Smythe, seeks damages against the Defendant, Donald Cowan, for willfully interfering with contractual relations between Mr. Smythe and Phil Jones, the Trial Court granted summary judgment because in his opinion the Statute of Limitations barred the claim asserted.  We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. Michael Swiney, JJ., joined.

David I. Komisar, Nashville, Tennessee, for the Appellant, Thomas A. Smythe

Grant C. Glassford, Nashville, Tennessee, for the Appellees, Phil Jones and McFarlin Woods, L.L.C.

**OPINION**

        The case presently on appeal was originated by Thomas A. Smythe, who sued Phil Jones and McFarlin Woods, L.L.C.    Later he filed a separate suit against Donald Cowan, which was consolidated with his earlier suit.

        The suit on appeal against Mr. Cowan is appealable as of right, even though consolidated, by virtue of the Trial Court entering a Rule 54 order.

        The suit seeks damages for willfully interfering with the contractual relations between Mr. Smythe and Phil Jones in connection with the purchase and development of certain real estate.

        The Trial Court found that Mr. Smythe's suit was barred by the three-year Statute of Limitations and granted Mr. Cowan's motion for summary judgment.

Mr. Smythe's single issue on appeal is that the Trial Court was in error in granting the motion.

A recent opinion of our Supreme Court, <u>Staples v. CBL & Associates</u> 15 S.W.3d 83, 89 (Tenn. 2000), has restated the standard for our review of summary judgments granted by a trial court:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

The determinative facts as to the issue raised in this case are undisputed. Mr. Smythe, the Defendant in the earlier consolidated case, Phil Jones and Jim Riggs, were partners in a Partnership known as "Triangle Development," which was formed to develop real estate, including a project known as McFarlin Woods, L.L.C.

Mr. Cowan, who wanted to become a member of the Partnership, was rejected by the Partnership, but Mr. Jones offered him an opportunity to become an investor, which he subsequently accepted on the condition that neither Mr. Smythe nor Mr. Riggs be associated with the development.

This was accomplished by the Partnership being dissolved, as we understand it, at the instance of Mr. Jones. Upon this occurring, Mr. Smythe, as already noted, filed suit against Mr. Jones and McFarlin Woods, containing four counts--breach of fiduciary duties, breach of contract, *quantum meruit* and negligent misrepresentation.

Some six months later, Mr. Smythe filed the suit presently on appeal.

While there is a specific Statute relative to procurement of breach of contract, T.C.A. 47-50-109, the complaint does not mention the Statute, which has been held to be a codification of the common law, except for the amount of damages recoverable.

Whether the common law cause of action has been subsumed in the Statute we are not called upon to decide because it appears both parties agree that a three-year Statute of Limitations is applicable to either.

The determination we need to make is whether the deposition of Mr. Smythe taken in the first case filed was sufficient to show that he was upon notice that he possessed a cause of action against Mr. Cowan.

In this regard Mr. Smythe testified in a deposition taken on January 29, 1999 (the day before his complaint against Mr. Cowan was filed), as follows:

Q.   And what did he [Phil Jones] tell you at the meeting of December 29 of '95?

A.   That was the meeting at that gas convenience store. Jim Riggs and I were present and he said that Donald Cowan didn't want us involved. And he effectively knew Donald Cowan could close and felt he had no choice but to go forward with Donald Cowan.

Q.   And what was your reaction? What did you say? That's when you tried to put together this two hundred thousand ($200,000) to buy him out?

A.   Yeah, I mean – Let me put it to you this way. When he first told me, bottom line, I was out, Jim was out, I was angry to the point that I wasn't considering anything but my anger. When we met on December 29th, I was simply trying to find a way to redeem common sense. I was working under the assumption that Phil Jones felt cornered, felt if he was to go forward with the development he had no choice but to do so with Donald Cowan. And if the price to be paid for going forward with Donald Cowan was eliminating Tom Smythe and Jim Riggs, then so be it.

          . . . .

Q.   At that point in time, were you aware what Phil Jones' position was going to be with these other investors?

A.    I was aware as of December 29th that Triangle no longer existed and Jim Riggs and I were out and the most he would give me would be six percent (6%) on lots A, B, C, E, and F.

          . . . .

Q.   What prompted you all to come up with this two hundred thousand dollars ($200,000) proposal?

-3-

A.   Because at the December 29th meeting Phil Jones represented that he had no choice but to cut Jim Riggs and I out of the deal because that is what Phil – I mean Donald Cowan – insisted on.

It is clear from the foregoing that he was aware that he had been wronged but, notwithstanding this testimony, he argues his cause of action did not accrue until he suffered some damages as a result of Mr. Cowan procuring a breach of contract.  Case law, however, does not support his insistence.  Two cases, Greene v. THGC, Inc., 915 S.W.2d 809 (Tenn. Ct. App. 1995), and Wilkins v. Third National Bank in Nashville, 884 S.W.2d 758 (Tenn. Ct. App. 1994), specifically hold the Statute begins to run from the date the wrongful act occurred, not from the date damages are suffered.

In reaching the foregoing conclusion we have considered the cases cited by Mr. Smythe which he contends hold otherwise.  We believe the first is inapposite, and the second supports the position of Mr. Cowan.   Wyatt v. A-Best,  Company, 910 S.W.2d 851 (Tenn. 1995),  was a tort action seeking damages for injury caused by the plaintiff's exposure to asbestos.  The Supreme Court held, and we agree, that in a tort suit seeking damages, injury is a component of the cause of action.  In Wyatt the Plaintiff brought suit within one year of learning that he was injured.

In the other case, Wright v. Wright, 832 S.W.2d 542 (Tenn. Ct. App. 1991), a contract action, this Court held that "in order to serve an anticipatory breach of contract of repudiation, the words and conduct of the contracting party must amount to a total and unqualified refusal to perform the contract."

Mr. Smythe, however, argues that the fact Mr. Jones offered to transfer his option to purchase the property in question to a Partnership of which Mr. Smythe was a member[1] for a consideration of $200,000 shows that there had not been a "total and unqualified refusal to perform the contract." We do not understand how the offer of another contract alters the fact that there had been a refusal to perform the first contract or would cause Mr. Smythe  to justifiably delay filing his suit against Mr. Cowan.

We also point out that Mr. Cowan was not a party to the offer made by Mr. Jones to transfer his option and, in fact, opposed his making such an offer.  We accordingly find this insistence to be without merit.

For the foregoing reasons the judgment of the Chancery Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against Mr. Smythe and his surety.

---

[1]    The sale of the option to the Partnership, consisting of Mr. Smythe, Jim Hindman, David McGowan and Lloyd Craig, did not materialize.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE