{¶ 33} I respectfully dissent to the majority's treatment of the second assignment of error. That assignment deals with efforts to collect fees previously incurred during the course of litigation. The majority concludes that in such situations there is no requirement to include a showing of reasonableness and necessity of such fees in addition to pro forma indication of hours, times, hourly rates, etc. It is that conclusion that this writer deems inappropriate. That approach does not apply to the trappings of DR 2-106 and the dictates of cases like Swansonv. Swanson (1976), 48 Ohio App.2d 85, that apply in fee disputes which result in a case in which the representation is occurring. Cases which uphold the majority's approach appear to ignore an abundant number of legal authorities to the contrary.
 {¶ 34} In determining the reasonableness of a fee, it is my position that the factors in DR 2-106(B) must be addressed. A simple computation based on the number of hours expended times the agreed upon hourly rate does not satisfy the inquiry mandated by DR 2-106. See Swanson,48 Ohio App.2d at 91-92.
 {¶ 35} Some states require evidence of reasonableness to be introduced before allowing recovery even though the parties in such cases have voluntarily agreed upon a fee to reimburse the attorney for his or her expenses. See Ford Motor Credit Co. v. Bob Jones Enterprises, Inc. (D.C. Colo., 1965), 240 F.Supp. 667; Ford Motor Credit Co. v. Blanchard (La, 1992), 620 So.2d 286; Dole v. Wade (Tenn, 1974), 510 S.W.2d 909;Appliances, Inc. v. Yost (Conn, 1982), 443 A.2d 486. Other states have indicated that the trial judge in his discretion may require such evidence and proof. See First Natl. Bank of Brinkley v. Nash (Ark, 1981), 617 S.W.2d 24; United States v. Reed (1942), 31 A.2d 673; Sims v.Hays (La, 1988), 521 So.2d 730. In addition, a few other states permit recovery of the stipulated amount without the introduction of evidence as to the reasonableness where there is no proof by the defendant-client that the fee is unreasonable. See Boatmen's Bank of Butler v. Berwald
(Mo, 1988), 752 S.W.2d 829; Sec. Natl. Bank v. Bonnet (Okla, 1980),623 P.2d 1061; Cooper v. Supercinski (Tex, 1985), 700 S.W.2d 239. It is this writer's position that this court should require evidence of reasonableness and necessity in promissory note cases as well as account actions. To rule otherwise, creates the opportunity for subterfuge by filing on an account and/or where a promissory note exists to avoid the input of reasonableness and necessity.
 {¶ 36} Moreover, some of the cases cited in support of the majority's position in the second assignment of error merely make conclusionary statements without citations to legal authority and/or analysis supporting the position regarding the reasonableness and necessity support a fee request. Further, this writer does not feel that the substance and spirit of DR 2-106, its requirements, and the Swanson case should apply only in a trial when there is a disputed fee challenge. The practice of law, even with modern day trappings of business characteristics and the fee price fixing holdings in cases, should still retain some vestiges of our time honored professionalism; hence, requiring attorneys to provide evidential submissions of the reasonableness and necessity in what otherwise would be designated as account actions, promissory note cases, or contract cases and would not be a professional herniating exercise. This requirement would clothe such disputes with a tone of professionalism that is altogether lacking in too many of our pursuits.
 {¶ 37} With respect to the first assignment of error, although I agree with its conclusion, it appears that the majority makes a distinction between the analysis and criteria to be applied to the collection of attorney fees resulting from the execution of a promissory note, and a claim on an account for such fees, in a collateral action, and not one for a direct fee claim in the principal case in which the professional services were rendered.
 {¶ 38} Again, consistent with our dissent to the majority's rationale, in its treatment to the second assignment of error, I would advocate that the tenets of DR 2-106 and Swanson apply in every type of action by an attorney in his or her efforts to collect legitimate fees. At the risk of redundancy, fee claims should include evidential material that demonstrates the reasonableness and necessity of such billings.
 {¶ 39} For the foregoing reasons, I respectfully dissent in part and concur in judgment only in part.